# NOVEMBER, 1904.

DENISON & SHERMAN RAILWAY COMPANY v. LOUIS E. CARTER.

No. 1348. Decided November 7, 1904.

**1.—Master's Liability for Act of Servant.**

A street railway company was liable for injury to a boy by negligence of its motorman operating its car in requiring him to leave it while in motion, though the permission for him to enter the car was without authority from the master and given in return for a service to the motorman in turning the trolley. (Pp. 202, 203.)

**2.—Same—Cases Distinguished.**

Cases sustaining the master's liability for the negligence of his servant because intrusted with duty of care in the handling of cars (Cook v. Houston D. Nav. Co., 76 Texas, 353, and others), are distinguished from those where the servant employs the master's property for purposes wholly

his own (Branch v. International & G. N. Ry. Co., 92 Texas, 229; Dawkins v. Gulf C. & S. F. Ry. Co., 77 Texas, 229; International & G. N. Ry. Co. v. Cooper, 88 Texas, 607), and those where he acts beyond his authority in expelling tresspassers. Texas & P. Ry. Co. v. Black, 87 Texas, 160.    (P. 203.)

### 3.—Negligence—Proximate Cause.

The action of a motorman in permitting a boy to ride on the front platform of the car, if that be held to be a dangerous place, is not the proximate cause of an injury received by a boy in jumping from a car while in motion at the command of the motormon, and could not be submitted as a ground for holding the street railway company liable.    (Pp. 203, 204.)

### 4.—Negligence—Permitting a Child in Dangerous Place.

The doctrine of the turntable cases as to liability for permitting children about dangerous machinery is inapplicable to the act of allowing them to ride upon a street car which is provided for the conveyance of all classes of persons.    (P. 204.)

### 5.—Negligence—City Ordinance.

In the case of a boy 10 years old, injured in jumping off from a street car in motion, the city ordinance making it a misdemeanor so to do should have been admitted in evidence as bearing on the question of contributory negligence.    (Pp. 204, 205.)

### 6.—Evidence—Objection.

Where evidence is excluded upon an objection rendering the offer of further evidence to show its applicability to the case futile, error in excluding it will be ground for reversal though such further evidence is not offered.    (Pp. 204, 205.)

### 7.—Contributory Negligence—Violation of Ordinance.

Plaintiff complaining of an injury caused or contributed to by his violation of a valid city ordinance should not be allowed to recover.    Case of trespasser jumping off or on car in motion in violation of ordinance, distinguished from the act of one riding in the exercise of right as in Mills v. Missouri K. & T. Ry. Co., 94 Texas, 242.    (P. 205.)

. Error to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

Carter sued the railway company and recovered a judgment for damages for personal injury, which was affirmed on appeal by defendant, who thereupon obtained writ of error from the Supreme Court.

*Head, Dillard & Head,* for plaintiff in error.—Negligence of the motorman or driver of the street car in permitting a child to ride upon such car, when such permission is granted to subserve the purpose of the driver individually, and not in transacting the business of the owner of the car, does not render such owner liable for the injuries to the child in getting on or off the car.    Finley v. Hudson, etc., Ry. Co., 64 Hun, 373; Texas & P. Ry. Co. v. Black, 87 Texas, 160; Texas & P. Ry. Co. v. Black, 57 S. W. Rep., 330; Branch v. International & G. N. Ry. Co., 92 Texas, 288; Gulf, C. & S. F. Ry. Co. v. Dawkins, 77 Texas, 229; International & G. N. Ry. Co. v Cooper, 88 Texas, 607.

The evidence in this case did not raise the issue as to plaintiff having been injured by reason of his being permitted to ride at a dangerous place on the car, but only raised the issue as to his having been injured by his being caused by the motorman to leave the car while it was in motion.    Denison & S. Ry. Co. v. Carter, 70 S. W. Rep., 322;

Texas & P. Ry. Co. v. Bigham, 90 Texas, 223; Neely v. Ft. Worth & R. G. Ry. Co., 96 Texas, 274; Hunt v. Missouri K. & T. Ry. Co., 74 S. W. Rep., 69.

If plaintiff got off the car of his own accord and not on account of what the motorman said to him, this would be a complete defense to plaintiff's entire cause of action and not simply a defense to the ground of negligence submitted in paragraph 3 of the general charge.

If plaintiff was on the car to serve the private purpose of the motorman, Henry Pratt, and not to promote the business of appellant, appellant would not be liable for the negligence of Henry Pratt in ordering him off the car, and it was error for the court to instruct the jury that such liability would exist without reference to the circumstances under which plaintiff entered upon the car in the first instance. Same authorities.

A common carrier is not required to exercise ordinary care for the protection of a person who unlawfully enters its carriage with no intention of paying fare or becoming a passenger thereon. Gulf C. & S. F. Ry. Co. v. Campbell, 76 Texas, 174 and cases cited; also Rose's Notes on above case.

The degree of care which plaintiff was required to exercise was that which an ordinarily prudent person of his age, intelligence and experience would exercise under the same or similar circumstances, and not such as the jury might in their unbridled discretion say would reasonably be expected of him. Ft. Worth & N. O. Ry. Co. v. Enos, 50 S. W. Rep., 595; Dallas & O. C. E. Ry. Co. v. Harvey, 27 S. W. Rep., 423; Galveston H. & S. A. Ry. Co. v. Gormley, 91 Texas, 393.

A person who is injured by jumping from a moving street car in violation of a valid ordinance of the city is guilty of such contributory negligence as will preclude his recovering for an injury caused thereby. Raben v. Cen. Iowa Ry. Co., 34 N. W. Rep., 621; Miils v. Missouri K. & T. Ry. Co., 57 S. W. Rep., 291; Missouri K. & T. Ry. Co. v. Owen, decided by Court of Civil Appeals at Dallas, June, 1903. Also numerous cases of stock running at large in violation of ordinances and fence laws.

A common carrier is not liable for simple negligence on the part of its employes in causing a trespasser to leave the car while in motion, but the duty which it owes to such an one is not to intentionally cause him injury.

The degree of care which the owner of the vehicle is required to exercise in causing a trespasser to leave the same is only such as an ordinarily prudent person would exercise under the same circumstances towards a trespasser, and not such as an ordinarily prudent person would exercise toward persons generally.

The verdict of the jury is without evidence to support it in finding that the platform of the car was a dangerous place for Henry Pratt to permit plaintiff to ride, within the meaning of the general charge.

The verdict of the jury is without evidence to support it in finding

that plaintiff's being permitted to ride on the platform of the car was the proximate cause of his injuries, even though the act of permitting him to ride at said place was negligence. 90 Texas, 223, 72 S. W. Rep., 159; 67 S. W. Rep., 90.

*Wolfe, Hare & Semple,* for defendant in error.—Appellant owed appellee, as a child of tender years and immature judgment and discretion, the positive duty to exercise ordinary care to prevent him from going into a place of danger upon or about its cars. On the occasion in question appellant was represented by its motorman, Henry Pratt, who had exclusive control of the car and had authority to prohibit the very thing he permitted. It is immaterial, therefore, what may have been Pratt's motives for violating this duty, and the breach thereof being shown, the liability of the master follows. Missouri K. & T. Ry. Co. v. Rodgers, 89 Texas, 675; Houston & T. C. Ry. Co. v. Bulger, 80 S. W. Rep., 557; St. Louis & S. W. Ry. Co. v. Abernathy, 68 S. W. Rep., 539; Dublin Cotton Oil Co. v. Jarrard, 40 S. W. Rep., 531; Cook v. Houston D. N. Co., 76 Texas, 353; Ollis v. Houston E. & W. T. Ry. Co., 73 S. W. Rep., 30; Thompson v. Missouri K. & T. Ry. Co., 11 Texas Civ. App. 307; Texas & P. Ry. Co. v. Brown, 11 Texas Civ. App. 508; Brennan v. Fair Haven, etc. Ry. Co., 45 Conn., 284; East Saginaw, etc., Ry. Co. v. Bohn, 27 Mich., 503; Pittsburg, etc., Ry. Co. v. Caldwell, 74 Pa. St., 421; Richmond Trac. Co. v. Wilkinson, 101 Va., 394; Metropolitan Ry. Co. v. Moore, 83 Ga., 453; Rosenberg v. Durfree, 87 Cal., 545; Chicago, etc., Co. v. West, 125 Ill., 320; Evansville Ry. Co. v. Meadows, 41 N. E. Rep., 398; Muehlhausen v. St. Louis Ry. Co., 91 Mo., 332.

To permit a child of tender years to ride on the front platform of a street car under the circumstances shown in this case was an act of negligence. The act of the child in getting off the car while in motion, though voluntary, can not be considered as an intervening cause, but is a result of the original tortious act that ought reasonably to have been anticipated. The evidence fairly raised this issue and its submission was not error. Watson on Damages for Pers. Inj., 129, secs. 111, 113, 114; Pittsburg Ry. Co. v. Caldwell, 74 Pa. St., 421.

If the original act of the motorman in permitting the plaintiff, a child of tender years, to go into and be in a place of danger, was negligent, then plaintiff's voluntary act in leaving the car was not an intervening cause and would be no defense to a recovery sought on such grounds. The voluntary nature of the child's act in dismounting from the car would only be an answer to the other ground of negligence relied upon, to wit, to the act of the motorman in telling him to jump off while the car was in motion, and the court properly so limited it.

Regardless of appellee's motives in going upon the car, appellant owed him, as a child of tender years, the affirmative and positive duty of exercising ordinary care to avoid inflicting injury upon him. Appel-

lee could not be a trespasser, and the rules of law defining the duties due trespassers have no application to this case.

A child of less than 14 and more than 9 years is only required to exercise for his own safety that degree of care which might reasonably be expected of him, considering his age, intelligence and experience, and the rules of law defining "ordinary care" have no application to him. The test is what ought to have been expected of the particular child. "The care and caution required of a child is according to its maturity and capacity only, and this is to be determined in each case by the circumstances of that case." Sioux City & Pac. Ry. Co. v. Stout, 17 Wall., 600.

Article 394 of the ordinances of the city of Denison was not passed pursuant to any express grant of legislative power. As applied to the facts of this case it was an unjustifiable attempt by the said city to limit appellee's civil rights by a penal ordinance in a matter over which it had no control, and was therefore unreasonable and void. Watson on Damages for Pers. Inj., 279, secs. 230, 232; Mills v. Missouri K. & T. Ry. Co., 94 Texas, 242, and authorities there cited by counsel for plaintiff in error.

Article 394 of the ordinances of the city of Denison, under any reasonable interpretation thereof, has no application to the act of a youth of tender years in leaving a moving car, whether such act be done in obedience to childish instincts or in compliance to the commands of the person in charge of such car.

A child of such tender years and immature discretion as not to be able to realize the danger of dismounting from a moving car on muddy, slippery ground is necessarily not capax doli and can not be charged with the consequences attendant upon the violation of a penal law of which he has not otherwise been shown to have any actual knowledge or conception. In view of the verdict of the jury, which was based on a finding to the effect that appellee did not realize the danger, the error, if any, in excluding this ordinance became harmless.

One desiring to charge a child ten years of age with the consequences of a violation of a penal ordinance must first show that the particular child is capable of a criminal intent. Having failed to do that in this case, nor having offered to do it, appellant is in no position to complain of the court's action in excluding the ordinance in question. Penal Code, art. 34; Parker v. State, 20 Texas Crim. App., 451.

The act of a child not capable of contributory negligence, or at least not guilty of the same on the particular occasion, in voluntarily dismounting from a car, can not be considered an intervening cause and does not break a chain of sequence between the defendant's original negligence in permitting him to get into a place of danger and the injury received. Therefore it is immaterial that such act was also a violation of a penal ordinance.

If appellee dismounted from appellant's car while the same was in motion in obedience to an order given him by appellant, through its

vice principal Pratt, and was thereby induced to violate a criminal law, then appellant is particeps criminis and can not avail itself of its own wrong to escape a liability that would otherwise exist by virtue of the principles of the common law. It follows, therefore, that the ordinance in question could not possibly form the basis of any defense to the only other ground of negligence submitted by the court, to wit, the act of the appellant's motorman in ordering appellee to dismount from the car while in motion.

WILLIAMS, ASSOCIATE JUSTICE.—This writ of error is prosecuted by the railway company from a judgment of the Court of Civil Appeals for the Fifth District affirming a judgment of the District Court against plaintiff in error in favor of Carter, suing by next friend, for damages for personal injuries caused by his being run over by one of the plaintiff in error's electric street cars in the city of Denison. At the time of the occurrence Carter was 10 years old, and the version of it given by him and his companions is that when the car, which was under the exclusive control of one Pratt, the motorman, reached one of the termini, where they were assembled, one of them asked Pratt if he would allow him to ride if they would turn the trolley for him, and receiving his consent, one of them turned the trolley and all of them entered the car, plaintiff and his elder brother getting upon the front platform with the motorman, and their companions upon the rear platform; that after they had ridden two or three blocks, the motorman, without stopping the car but continually increasing its speed, said to them that they had ridden far enough and directed them to get off; that after the boys in the rear had gotten off, plaintiff's brother jumped from the front platform, and plaintiff, in attempting to follow, was thrown under the wheels of the car and injured. The motorman gave a different account of the transaction. He denied giving permission for the boys to ride, stating that they turned the trolley without his consent and entered the car of their own accord, he supposing they intended to pay fare and ride into town; that as soon as he had given some information to and collected fare from another passenger, he turned his attention to the boys on the front end of the car and said to them, "If you are going to ride get inside; if not you must get off;" that, seeing they paid no attention to what he said, he knew they did not intend to pay fare, and began to stop the car, noticing which, and before he could stop the car, plaintiff's brother jumped off and plaintiff followed and was hurt, the car at the time moving slowly and slowing up.

The petition asserted negligence on the part of the defendant (1) in permitting him to get upon the car, and (2) in requiring him to leave it while in motion, alleging that on account of his youth and lack of experience and discretion he was incapable of understanding the dangers he incurred in riding on the car and in attempting to alight from it under the circumstances shown. The charge submitted both of these

contentions, instructing as to the first as follows: "If you believe from. the evidence that said Henry Pratt permitted plaintiff to get on and ride on the front platform of said car, and if you further believe from the evidence that plaintiff was a youth of such immature judgment and discretion that he did not understand the danger, if any, to which he would be exposed in alighting from the front platform of said car while the same was in motion, under the circumstances which you find from the evidence existed at the time he did alight from said car, and if you further believe from the evidence that the front platform of said car was a dangerous place for plaintiff to ride by reason of his immature judgment and discretion and consequent lack of understanding the danger, if any, attendant upon his alighting from said car while the same was in motion, under the circumstances then existing (if you find that he was at that time of such immature judgment and discretion); and if you further believe from the evidence that said Henry Pratt was guilty of negligence as this term will be defined to you, in permitting plaintiff to ride on the front platform of said car (if you find that said Pratt did so permit plaintiff to ride thereon), and that said negligence, if any, of said Pratt was the direct and proximate cause of plaintiff's injuries, then you will find for the plaintiff, unless you find for the defendant under the other instructions given you." Two objections to this instruction were urged in the Court of Civil Appeals,. and to them we confine our attention, viz: 1. "Negligence of the motorman or driver of the street car in permitting a child to ride upon such car when such permission is granted to subserve the purpose of the driver individually and not in transacting the business of the owner of the car, does not render such owner liable for the injuries to the child in getting on or off the car." 2. "The evidence in this case did not raise the issue as to plaintiff having been injured by reason of his being permitted to ride at a dangerous place on the car, but only raised the issue as to his having been injured by his being caused by the motorman to leave the car while it was in motion."

1. It may be conceded that the agreement the motorman is alleged to have made was beyond the scope of his authority and did not create any obligation on the part of the company to carry the boys, but it is still true that he was acting within such authority in managing and moving the car, and that for any negligence on his part in doing that his master would be responsible. With his exclusive control of the car he necessarily had power to admit to or exclude from it persons desiring to ride on it, and to those actually on the car by his permission, whether given for one reason or another, the master, in operating it through him, might owe duties for the disregard of which it would be liable. His agreement, considered by itself, may have been his act alone, but. his management of the car was, in law, his master's management, because that was the business intrusted to him. Many authorities sus-. tain the proposition that servants controlling such cars, when receiving and carrying young children, whether with or without consideration,

act within the scope of their employment and incur the obligation of performing certain duties for the protection of the children which is ascribed to the master. Cook v. Houston Direct Nav. Co., 76 Texas, 353; Drennan v. Fairhaven, etc., Ry. Co., 45 Conn., 284; Wilton v. Railway Co., 107 Mass., 108; Pittsburg, etc., Ry. Co. v. Caldwell, 74 Pa. St., 421; East Saginaw City Ry. Co. v. Bohn, 27 Mich., 503; Richmond Traction Co. v. Wilkinson, 101 Va., 394; Metropolitan Ry. Co. v. Moore, 83 Ga., 453; Chicago, etc., Ry. Co. v. West, 125 Ill., 320; Sanford v. Hestonville Ry. Co., 136 Pa. St., 84. The liability of the master in such cases does not arise from the mere fact of ownership of the instrument or appliance with which the injury is inflicted, but from the servant's negligence in doing the master's business with such instrument or appliance, which distinguishes those decisions of this court so much relied on by counsel for plaintiff in error as conflicting with the decision in this case. Branch v. International & G. N. Ry. Co., 92 Texas, 288; Dawkins v. Gulf C. & S. F. Ry. Co., 77 Texas, 229; International & G. N. Ry. Co. v. Cooper, 88 Texas, 607. In these cases the servants, in inflicting the injury, were doing nothing in furtherance of the master's business, but were employing the master's property for purposes wholly their own. The case of Texas & P. Ry. Co. v. Black, 87 Texas, 160, involves a different principle. A brakeman committed an assault in ejecting the plaintiff from a freight train, and, as it was not shown that it was within the line of his duties to expel trespassers, the court held as it did in the Anderson case (82 Texas, 516), that the company was not responsible, unless between it and the plaintiff there existed the relation of carrier and passenger imposing on it the duty of protection; and it was further held that such relation did not exist because the company did not undertake or authorize its servants to carry passengers upon its freight trains. Here, the purpose for which this car was intrusted by the company to the motorman was the carrying of people, and the performance of his duties, as we have said, involved the admission and exclusion of persons from the car. Hence in receiving and carrying these children upon such a car, if he did so, he was not going beyond the scope of his master's business, as were the servants in the Black case in receiving the plaintiff upon a freight train; nor was he, as were the servants in the other cases relied on, using the property of the master for his own purposes. The fallacy of this contention lies in the assumption, that, because the servant permitted the boys to ride for an improper reason, in running the car he was not acting for the master. If in the control and management of the car he was guilty of negligence which caused the injury to the plaintiff, the company is responsible.

2. The objection made to the charge in the second proposition must be sustained for the reason that the act of the motorman in permitting plaintiff to ride on the front platform of the car can not, in this case, be regarded as a proximate cause of the injury. The authorities first cited warrant the proposition that there might be actionable negligence

in permitting an immature child, incapable of caring for its own safety, to ride in such a position, when it has received an injury proximately resulting from that fact, as when it has fallen from the platform, or has been led by its childish impulses to jump therefrom. It is held that it may be negligence in those managing a car to allow such a child to incur the risks incident to riding in so exposed a position, and also in not exercising a careful watch and restraint over it while so riding. We make no question as to the soundness of these doctrines when applied to some states of fact, but we do not see their application here. No injury resulted to the plaintiff from riding on the platform. He was hurt in jumping off, and under the facts peculiar to this case its decision turns upon the question as to the negligence vel non of the motorman in causing or permitting him to do that. He did not fall from the platform, nor jump off because the motorman lost sight of him, but claims that he was caused to jump by the motorman. His own act in jumping was the proximate cause of his injury, and the question is solely as to the legal responsibility for that act, whether it is his or should be imputed to the company because of negligence on the part of the motorman in causing or permitting it; and that is the question that should be submitted with proper instructions to enable the jury to determine it.

It is to be observed that the petition claims that there was negligence in admitting the plaintiff to the car at all, and not that he was permitted to ride upon the front platform as an especially dangerous place. This complaint seems to be based upon the doctrine of the "turntable cases" and others in which liability was fixed upon the owners of dangerous machinery because of enticements or invitations held out to children to expose themselves to the dangers incurred in being in or about such places. It seems to us that doctrine is inapplicable to the mere act of allowing children to get upon cars fitted up and used for the conveyance of all classes of persons, old and young, experienced and inexperienced; and that actionable negligence must consist in something more, such as want of proper care in guarding the safety of those entering such vehicles, in getting on or off, or in traveling on them. Railway v. Bohn, supra; Barney v. Railway, 28 S. W. Rep., 1069. Of other rulings of the court in giving and refusing instructions plaintiff in error has no just cause to complain.

The plaintiff in error complains of the exclusion of the following ordinance in force in the city of Denison: "Any person, not being a regular employe or officer of the railway company, who shall, within this city, jump on or off, cling to or hang on any street railway car while the same is in motion, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than two dollars nor more than one hundred dollars." We think the ordinance should have been admitted. The objection that there was no evidence or offer of evidence that plaintiff "had discretion sufficient to understand the nature and illegality of the act constituting the offense" (Penal Code,

art. 35), was not urged in the trial court, the objections made and sustained being of such a nature that an offer of further evidence on the subject would have been futile. Besides, the plaintiff testified before the jury concerning the transaction on which he based his right to recover and whether or not he had the requisite degree of intelligence was a question for the jury and not for the court. The ruling of the court was that the ordinance was inapplicable to the facts of this case. But the facts were in dispute and the jury might have found that plaintiff got on and off the car without the consent of the motorman and as a trespasser. If this were true the ordinance might not be necessary to the protection of the defendant, but it was still, we think, entitled to have it admitted in evidence and its effect explained to the jury. We are further of the opinion that a plaintiff complaining of an injury caused or contributed to by his violation of a valid ordinance of this character should not be allowed to recover. The trial court doubtless based its ruling upon the decision of this court in the case of Mills v. Missouri K. & T. Ry. Co., 94 Texas, 242, but that decision would be applicable only in case the jury should find that plaintiff got on and off the car with permission of the motorman and in the exercise of a right. In that case there was not, as there is in this, evidence tending to show that the conduct of the plaintiff was a trespass pure and simple. That a valid ordinance may impose a duty the violation of which proximately contributing to an injury to another constitutes negligence has often been declared by the courts of this and other States (see cases cited in 21 Am. and Eng. Enc. of Law, 478, 479); and it necessarily follows that such a violation may also preclude a plaintiff from recovering where it has contributed proximately to the injury of which he complains. International & G. N. Ry. Co. v. Cocke, 64 Texas, 157. It is not the mere fact that, when injured, he was violating law, but the fact that his violation led to his injury that defeats him. Under the charges given the jury must have determined, without considering the ordinance, that plaintiff was too young and immature to understand and protect himself against the danger of jumping from the moving car, but they might have found differently as to his ability to comprehend the illegality of an act coming within the terms of the ordinance had it been admitted and evidence heard upon the subject. At any rate it should have been admitted and the jury should have been instructed as to its bearing upon the case.

*Reversed and remanded.*