HOUSTON BELT & TERMINAL RY. CO. v.
RUCKER.   (No. 5287.)

(Court of Civil Appeals of Texas. San Antonio.
May 28, 1914.)

1. RAILROADS (§ 348*)—ACCIDENTS AT CROSS-
INGS—ACTIONS—SUFFICIENCY OF EVIDENCE.

Evidence, in an action for injuries to an
automobile in turning to avoid a railroad loco-
motive at a crossing, *held* to show that the neg-
ligence of the driver in approaching at an ex-
cessive speed, in violation of Pen. Code 1911, art.
815, limiting the speed to 18 miles per hour in
the built-up portion of a city, concurred with
the negligence, if any, of the railroad company
in causing the accident.

[Ed. Note.—For other cases, see Railroads,
Cent. Dig. §§ 1138–1150; Dec. Dig. § 348.*]

2. RAILROADS (§ 324*)—ACCIDENTS AT CROSS-
INGS—CONTRIBUTORY NEGLIGENCE.

The driver of an automobile which was in-
jured in turning to avoid a railroad locomotive
at a crossing was guilty of negligence per se
in approaching at from 15 to 25 miles per hour,
in violation of Pen. Code 1911, art. 815, limiting
the speed to 18 miles per hour in the built-up
portion of a city, in the absence of any showing
that a greater speed was permitted by ordi-
nance; and no recovery could be had from the
railroad.

[Ed. Note.—For other cases, see Railroads,
Cent. Dig. §§ 1020–1025; Dec. Dig. § 324.*]

3. NEGLIGENCE (§ 82*)—CONTRIBUTORY NEG-
LIGENCE—VIOLATION OF LAW.

When his violation of a law proximately
contributes to his injury, a plaintiff is precluded
from recovering damages.

[Ed. Note.—For other cases, see Negligence,
Cent. Dig. §§ 112–114; Dec. Dig. § 82.*]

Appeal from Harris County Court at Law;
Clark C. Wren, Judge.

Action by W. J. Rucker against the Hous-
ton Belt & Terminal Railway Company.
Judgment for plaintiff, and defendant ap-
peals. Reversed and rendered.

Andrews, Streetman, Burns & Logue, W. L.
Cook, and M. E. Kurth, all of Houston, for
appellant. Woods, Harris & King, of Hous-
ton, for appellee.

FLY, C. J. This is a suit for damages, in
the sum of $255, to an automobile, instituted
by appellee against appellant. A trial by
the court, without a jury, resulted in a judg-
ment in favor of appellee for $145.40.

This is a fact case, and the seven assign-
ments of error taken together amount to a
contention that the accident to the automo-
bile was not caused through the lack of a
watchman at the crossing where the car was
injured, nor through any failure on the part
of appellant's engineer to stop the engine
when the peril of the car was discovered, or
to ring the bell and blow the whistle. Those
were the grounds of negligence alleged in
the petition. This necessitates a review of
the testimony.

[1] On the night of June 15, 1912, an auto-
mobile, driven by D. C. Rucker, a son of ap-
pellee, and containing five other persons,
approached a street crossing in the city of
Houston at a speed of 15 to 25 miles an hour,
and the driver, seeing an engine and car
about to cross the street at a distance of 50
or 75 feet ahead, turned the automobile so
as to run into another street, and one of the
rear wheels went off the bridge it was on,
and the automobile was wrecked. The auto-
mobile was coming into Houston on Preston
avenue when the engine was approaching the
crossing of the avenue. The driver of the
car did not put on the emergency brake when
he saw the engine. An automobile going at
the rate of 20 miles an hour can be stopped
in 50 feet. There was a house that some-
what obstructed the view of the track from
Preston avenue. The bridge was on Hutch-
ins street, and the automobile had turned on
it when it went over the bridge. The auto-
mobile was going at such a rate of speed
that when it jumped off the bridge it went
clear across the ditches alongside the bridge.
The locomotive was running at the rate of
3 or 4 miles an hour. There was testimony
that there were harsh words between the
parties in the automobile after the wreck,
and cursing and swearing in the presence of
the women. The party in the automobile
had taken beer while they were out, and one
of them was admittedly intoxicated.

If appellant was guilty of negligence in not
stopping the engine, or in not keeping a
watchman at the crossing, the driver of the
automobile was guilty of driving at a rate of
speed ranging from 15 to 30 miles an hour
in a city, and when approaching a railroad
crossing, as well as a street crossing. If the
automobile was running at the rate of only
15 miles an hour, as testified by the driver,
when he approached the crossing, he could,
under the testimony, have stopped the car in
less than 50 feet, which would not have taken
the automobile to the engine. If the house
was 83 feet by actual measurement from the
railroad track, the driver should have seen
the engine before it reached the street. The
driver said:

"I can stop the car in a space of from 25 to
35 feet when going at the rate of 15 miles."

If his brakes were not in first-class condi-
tion, he should not have gone at a street and
railroad crossing at the rate he was moving.
The driver was not sure that he had on the
brakes when the automobile went off the
bridge. He did not testify to making any
effort to stop the automobile. It was in tes-
timony that the emergency brake should have
been put on when the driver attempted to turn
into the side street. The facts indicate reck-
less driving and a disregard of the rules of
safety by a party at a late hour of the night,
and after drinking beer and whisky. No
one denied that the men were intoxicated,
except the driver, and the cursing and swear-
ing in the presence of his female companions
after the accident did not tend to corroborate
his testimony. The evidence showed that
the driver saw the engine more than 50 feet

off, because it was more than 50 feet to where the automobile began to turn into Hutchins street. He could have seen it for a distance of 120 feet. The distance from the east side of Hutchins street, where the driver sought to make the turn, to where the engine was standing was 76 feet by actual measurement. The evidence clearly shows that the negligence of the driver concurred with the negligence, if any, of appellant in causing the wreck.

The court concluded that the automobile was not running at a high rate of speed, in the face of physical facts indicating that a different conclusion should have been reached, and based his conclusion on the fact that none of the occupants of the automobile was injured. This is not an infallible test, because so many escapes from danger caused by reckless driving seem almost miraculous, sustaining the view that a kind Providence tenderly cares for certain people under certain conditions.

The court found that the bell was ringing when the locomotive approached the crossing, and that the accident occurred through the negligence of appellant in not having a watchman at the crossing, and in the engineer failing to stop the locomotive before it reached the crossing, although he had been informed by a switchman that an automobile was approaching. How a watchman could have prevented the automobile from approaching the crossing as it did does not appear from the testimony. The engine went only about one-third of the way across the street before it stopped, leaving two-thirds of the street open.

The driver saw the locomotive at such distance that he could have stopped before reaching the engine, and, if he could not have done so, there was ample space for him to have passed in front of the engine which had stopped.

[2, 3] The evidence showed without contradiction that the automobile was being propelled at a greater rate of speed than 18 miles an hour along a street in the built-up portion of a city, and the court finds that it was running from 15 to 25 miles an hour. Such rate of speed was a direct violation of article 815, Penal Code, and the driver of the automobile was guilty of negligence per se in driving it at the rate of speed at which he admitted he was going. If by ordinance of the city of Houston a greater rate of speed than 18 miles an hour was permitted, appellee should have shown it in order to meet the demand of the statute. Railway v. Harris, 103 Tex. 422, 128 S. W. 897; Railway v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538. The overturning of the automobile was directly attributable to the violation of the statute, and the owner of the car cannot recover. When the violation of a law proximately contributes to his own dam-

age, a plaintiff is precluded from recovering damages. Railway v. Cocke, 64 Tex. 151; Railway v. Carter, 98 Tex. 196, 82 S. W. 782, 107 Am. St. Rep. 626. All of the testimony clearly and indisputably shows that, if the automobile had been running at the rate of 8 miles or even 18 miles an hour, it could have been stopped without difficulty, and the trouble avoided, for it shows that, if any care had been exercised, the automobile could have been stopped before reaching the railroad track, if the speed had not been greater than 15 miles an hour. The testimony justified the finding of the court that it was probably going at the rate of more than 18 miles an hour, the maximum speed fixed by the Penal Code in city and county. If punished in no other way, a violation of the statute should preclude a recovery for damages, to person or property, when it is the proximate cause of the accident.

The judgment is reversed, and judgment here rendered that appellee take nothing by his suit, and pay all costs in this behalf expended.