TENNEGKEIT v. GALVESTON ELECTRIC
CO. (No. 6895.)

(Court of Civil Appeals of Texas. Galveston.
Nov. 22, 1915.)

1. APPEAL AND ERROR ⨺759—ASSIGNMENTS
OF ERROR—REQUISITES AND SUFFICIENCY—
MOTION FOR NEW TRIAL.

Under Rev. St. 1911, art. 1612, requiring
that plaintiff in error file with the clerk of the
court below all assignments of error distinctly
specifying the grounds on which he relies, Court
of Civil Appeals rule 29 (142 S. W. xii), re-
quiring that the brief shall separately present
each ground of error under the proper assign-
ment, and rule 101a (159 S. W. xi), providing
that where a motion for a new trial is filed the
assignments contained in such motion shall con-
stitute the assignments of error, assignments of
error presented in the brief of plaintiff in error
need not be considered, where they are not por-
tions of or copied from the motion for new trial.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3094; Dec. Dig. ⨺759.]

2. CARRIERS ⨺348—INJURY TO STREET CAR
PASSENGER—INSTRUCTION ON UNAVOIDABLE
ACCIDENT—EVIDENCE.

Where, in a street car passenger's action
for injuries from falling from the running board
of a car, plaintiff's testimony that his fall was
due to the act of defendant's conductor in at-
tempting to pass between him and the side of
the car was denied by the conductor, and by an-
other witness who testified that the conductor
was not near plaintiff, and also by a witness
who testified that plaintiff lost his balance and
fell while attempting to climb around other per-
sons standing on the running board, an instruc-
tion that plaintiff could not recover if his inju-
ries were caused by an unavoidable accident was
authorized by the evidence.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 1403–1405; Dec. Dig. ⨺348.]

3. APPEAL AND ERROR ⨺1066 — HARMLESS
ERROR—INSTRUCTIONS.

Under Court of Civil Appeals rule 62a (149
S. W. x), providing that a judgment shall not
be reversed for error not affecting the result,
the giving of such instruction, even if it were
not authorized by the evidence, would not re-
quire a reversal of a judgment for defendant.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 4220; Dec. Dig. ⨺1066.]

4. TRIAL ⨺253 — INSTRUCTIONS — IGNORING
ISSUES—LACK OF EVIDENCE.

Where, in a street car passenger's action
for injuries from falling from the running board
of a car, the only negligence as to which there
was evidence was the act of the conductor in
attempting to pass between him and the car, an
instruction that plaintiff could not recover, un-
less he was thrown from the car by such act
of the conductor, was not erroneous for failure
to take into consideration defendant's alleged
negligence in failing to furnish plaintiff with a
seat and permitting the running board to be
overcrowded.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 613–623; Dec. Dig. ⨺253.]

5. CARRIERS ⨺296—INJURY TO STREET CAR
PASSENGER — ACTIONABLE NEGLIGENCE —
FAILURE TO FURNISH SEATS.

The failure of a street car company to fur-
nish a passenger with a seat in the car is not
actionable negligence, where the fact that all
the seats are occupied is apparent to the pas-
senger when he takes his position on the run-
ning board, from which he thereafter falls.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 1200–1203; Dec. Dig. ⨺296.]

6. TRIAL ⨺243—CONFLICTING INSTRUCTIONS
—NEGLIGENCE.

In a street car passenger's action for in-
juries from falling from the running board of
a car, an instruction to find for defendant if
plaintiff's injury was caused by unavoidable
accident, or if defendant was not guilty of the
negligence charged by plaintiff, was not in con-
flict with an instruction to find for defendant
if plaintiff was contributorily negligent in at-
tempting to pass around another passenger on
the running board of the car.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 564, 565; Dec. Dig. ⨺243.]

Error from District Court, Galveston Coun-
ty; Clay S. Briggs, Judge.

Action by Fred Tennegkeit against the Gal-
veston Electric Company. Judgment for de-
fendant, and plaintiff brings error. Affirmed.

Marsene Johnson, Elmo Johnson, and Roy
Johnson, all of Galveston, for plaintiff in
error. Terry, Cavin & Mills, of Galveston,
for defendant in error.

McMEANS, J. Fred Tennegkeit, herein-
after called plaintiff, brought this suit against
the Galveston Electric Company, a corpora-
tion operating an electric railroad in the city
of Galveston, hereinafter called defendant,
to recover damages for personal injuries sus-
tained by him through the alleged negligence
of the defendant.

Plaintiff alleged that on or about Septem-
ber 6, 1913, in the city of Galveston, he
boarded one of the defendant's street cars,
paying the sum demanded by defendant for
his passage thereon, and thereby became a
passenger on said street car, and was enti-
tled to a seat and passage to his destination;
that the street car which plaintiff boarded
was crowded, and plaintiff was unable to
obtain a seat, and was permitted by the con-
ductor on said car to stand upon the run-
ning board of the car until defendant's con-
ductor could procure him a seat, and believ-
ing that he could safely do so the plaintiff
stood upon the running board, holding onto
the post and other structures of the car for
safety while he was riding thereon, and
while the car was in motion; that while
riding on said running board the defendant's
conductor came along on said running board
and was collecting the fares from the sev-
eral passengers on said car, and while plain-
tiff was holding onto the post and handhold
of the car, and while the car was moving
rapidly, the said conductor attempted to pass
between the person of plaintiff and the car,
thus forcing the plaintiff to lose his hold on
the handhold and post, and causing him to
fall to the ground while the car was moving;
and that the force of the fall and the im-
pact of plaintiff with the ground caused the
plaintiff to sustain serious and permanent
bodily injuries, causing plaintiff to be dam-
aged in the sum of $5,000.

Plaintiff further alleged that the defend-
ant was in duty bound to use the highest de-

gree of care for his safety while he was a passenger on said car, and was in duty bound to provide a safe and comfortable seat for plaintiff, and the defendant wholly failed in all of these duties, and the defendant and its conductor was further negligent in attempting to squeeze by and pass between plaintiff's body and the side of the car while the car was in motion, and in squeezing and forcing plaintiff off of said car; that the car was crowded, and the running board was also crowded, with passengers standing up and riding thereon at the time plaintiff fell from the car, and that the failure of the defendant to perform its duty to him in providing a seat was negligence, proximately causing his injuries; and that the acts and omissions of the defendant's conductor at said time was negligence for which defendant is liable, and that all of said negligence was the proximate cause of the damages, injuries, and losses by plaintiff sustained.

Defendant, in addition to a general denial, pleaded that plaintiff was guilty of contributory negligence, in that, while riding upon the running board of the street car, he attempted to pass around and outside of another passenger, also riding upon the running board, and in doing so fell from the car.

A trial before a jury resulted in a verdict and judgment for the defendant, from which the plaintiff has appealed.

[1] We are met in limine with an objection urged by the defendant to the consideration by this court of any of the assignments of error presented by plaintiff in his brief; the objection being that the assignments so presented are not portions of or copied from the plaintiff's motion for a new trial. Plaintiff's motion for a new trial covers 13 or more typewritten pages, while the three assignments of error presented in his brief would require very little more than half a page. While it is true that the language of each assignment may be found somewhere in the motion, there is lacking the requirements of the statute and rules which provide that all errors shall be distinctly specified therein. R. S. 1911, art. 1612; rules 29 (142 S. W. xii) and 101a (159 S. W. xi).

The article of the statute above referred to dispenses with the prior requirement that assignments of error shall be filed where a motion for a new trial has been filed, and provides that the assignments in the motion for a new trial shall constitute the assignments of errors, and need not be repeated by the filing of separate assignments of error, and also provides that all errors not distinctly specified shall be waived. But while the filing of separate assignments of error, where a motion for a new trial has been made, has been dispensed with, the rule requiring distinct specifications of error has not been relaxed; the only change in the law and the rules being that they must be made in the motion, where a motion for new trial is required or has been filed. The following cases bear upon the proper manner of making and presenting assignments of error to the appellate courts and may be read with profit: Horseman v. Coleman, 57 S. W. 304; Bowers v. Goats, 146 S. W. 1013; Biggs v. Lee, 147 S. W. 709; Lime & Stone Co. v. May, 150 S. W. 758; Fessenger v. El Paso Times Co., 154 S. W. 1171; Dees v. Thompson, 166 S. W. 57; Edwards v. Youngblood, 160 S. W. 288.

This court could well refuse to consider the assignments, because not presented in the manner and form required by the rules; but nevertheless we have considered them, and will now discuss them in the order in which they have been attempted to be presented.

[2, 3] The first assignment complains of that portion of the court's main charge to the jury which reads as follows:

"If you do not so believe from the evidence, or if you believe from the evidence that the injuries, if any, to plaintiff, were caused or occasioned by an unavoidable accident, without any negligence upon the part of the defendant, and without any negligence on the part of the plaintiff, as submitted, which contributed to the same * * *."

The objection to this charge is that there was no evidence adduced to authorize the submission of unavoidable accident. As before stated, the plaintiff alleged that he was injured by the act of the defendant's conductor in attempting to pass between the person of the plaintiff and the side of the car while both were on the running board. Defendant pleaded that plaintiff was injured as a result of plaintiff's contributory negligence in attempting to pass around and on the outside of another passenger while both were riding on the running board. The plaintiff testified that the accident happened as alleged by him, while this is denied by the conductor, and also by the witness Golden, who testified that the conductor was not near plaintiff at the time he fell, and by the witness Willetts, who testified that plaintiff lost his balance and fell from the car while attempting to "climb around behind some other person that was standing on the running board of the car," and that when plaintiff fell "neither the conductor nor any one else was trying to pass between him and the body of the car."

We think that the court did not commit error, at least not prejudicial error, in giving the charge complained of. Obviously the jury found that plaintiff's fall was not caused by the conductor crowding between him and the body of the car. If the jury found as a matter of fact that the plaintiff, while attempting to pass around another passenger on the running board, fell, but that he was not guilty of negligence in attempting to pass around the other passenger, and this issue was also submitted in the charge, then his fall and injuries could neither be attributed to the negligence of the defendant, nor the contributory negligence of the plain-

tiff, but to an accident only. But, even if the issue of unavoidable accident was not raised by the evidence, we are of the opinion that the plaintiff could not have been prejudiced by the giving of the charge complained of. Rule 62a (149 S. W. x); Railway v. Greenlee, 70 Tex. 561, 8 S. W. 129. The assignment is overruled.

[4, 5] The second assignment assails the following portion of the court's charge:

"* * * Or if you believe from the evidence that the plaintiff assumed a position on the running board of the car without any direction or permission from the defendant's conductor, and if you fail to find from the evidence that plaintiff was thrown from the car by the act of the conductor by pushing between plaintiff and the car, you will return a verdict for the defendant."

The complaint directed at this part of the charge in effect is that, plaintiff having alleged several grounds of negligence on the part of the defendant as being the proximate cause of his injury, viz.: (1) The act of defendant's conductor in attempting to pass between the plaintiff and the body of the car, whereby he was pushed from the running board; (2) the failure of defendant to furnish him a seat in the car; and (3) the permitting by the defendant of the running board to become overcrowded with passengers—the court should not have limited the inquiry to negligence of defendant first above stated, but should also have submitted as grounds for recovery the other acts of negligence charged.

The testimony of the plaintiff himself is to the effect that at the time he took passage on the car all the seats were filled and there were several passengers then riding upon the running board. The evidence justifies the conclusion that plaintiff rode upon the running board because there was not a vacant seat in the car. All of the seats being occupied when plaintiff took his position upon the running board, and this being then apparent to him, it was not actionable negligence upon the part of defendant to fail to furnish him a seat in the car. Again, it does not appear from the allegations of his petition that plaintiff's injuries resulted from the failure of defendant to furnish him a seat in the car, or by reason of allowing the running board to become overcrowded, for it is expressly alleged that plaintiff's injuries were brought about solely by the act of the conductor in attempting to pass between the plaintiff and the body of the car, and plaintiff himself testified that he was injured from this cause. There was no proof that plaintiff's failure to procure a seat or the overcrowding of the running board even remotely occasioned his fall. It is clear therefore that the charge limiting recovery, as it did, to the very act of negligence which plaintiff alleged, and himself testified, caused his injuries, was proper, and it is equally clear that there was no error in failing to submit the other grounds of negligence charged, because under the proof no issue is raised that such alleged negligence was the proximate cause of his injuries. Railway v. Carter, 98 Tex. 196, 82 S. W. 782, 107 Am. St. Rep. 626. The assignment is overruled.

[6] There is no merit in the third assignment, which complains that the seventh and eighth paragraphs of the court's charge are in conflict. The seventh instructs the jury that if they believe from the evidence that plaintiff's injury was caused by unavoidable accident, or if they fail to find from the evidence that the defendant was guilty of the negligence charged by plaintiff to have been the cause of his injury, to find for the defendant, while the eighth merely submitted the issue of plaintiff's contributory negligence, and instructs, if the jury find from the evidence that plaintiff was guilty of contributory negligence in attempting to pass around another passenger on the running board of the car, to find for defendant.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.