PHILLIPS et al. v. CROW.   (No. 1270.)

(Court of Civil Appeals of Texas.  Amarillo.
Dec. 12, 1917.   Rehearing Denied
Jan. 16, 1918.)

1. ANIMALS ⟟⟐48—TRESPASSING—DUTIES OF
OWNER.

The common-law rule requiring restraint of
cattle by tethering or inclosure is not in force
in this state.

2. ANIMALS ⟟⟐55—TRESPASSING—FENCING—
NEGLIGENCE—PRESUMPTION.

Upon a finding that an owner has failed to
surround his land with a fence sufficient to ex-
clude stock of ordinary disposition, the law con-
clusively presumes him guilty of negligence pre-
cluding recovery for trespass.

Appeal from District Court, Hall County;
Hon. J. A. Nabers, Judge.

Action by A. D. Crow against J. W. Phillips
and another.  From a judgment for plain-
tiff, defendants appeal.  Reversed and re-
manded.

T. T. Clark, of Memphis, and Jas. N.
Browning, of Amarillo, for appellants.
Elliott & Moss, of Memphis, for appellee.

BOYCE, J.  The appellee, Crow, sued ap-
pellants, Phillips and Irby, for conversion of
29 head of stock cattle, and in the alterna-
tive for possession of said cattle and damages
on account of their wrongful taking and de-
tention by defendants.  The defendant Irby
denied that he had taken possession of said
cattle with any intention of converting them,
but alleged that such possession was taken
for the purpose of preventing their trespass-
ing on his premises and destroying his crops.
He pleaded that plaintiff's field adjoined
this defendant's, and that the defendant had
between them a fence sufficient to protect
the inclosure from entry of cattle of the usual
and ordinary disposition;  that plaintiff's
said cattle were of a breachy, fence-breaking
nature, and that plaintiff, knowing such fact
permitted them to range on his own field,
knowing that they would break through the
fence and destroy defendant's crop;  that
said cattle did break through said fence and
damaged defendant's crop, and said defend-
ant Irby, by a counterclaim, sought to re-
cover damages for the value of his crop so
destroyed.  The defendant Phillips' connec-
tion with the case grew out of the alleged
fact that he assisted the defendant Irby in
taking possession of and holding said cattle,
but, as none of the assignments relate spe-
cifically to his liability, independent of the
rights of the said Irby, it is not necessary to
further state the pleading or evidence in re-
lation to the issues presented as to said de-
fendant.  The plaintiff, by a supplemental
petition, alleged that the defendant Irby was
guilty of contributory negligence in that he
failed to erect and maintain a fence around
his field sufficient to keep out cattle of ordi-
nary disposition.

The evidence was sufficient to require
a submission to the jury of the issues as to

the breachy nature of plaintiff's cattle, his
knowledge thereof, and the sufficiency of the
defendant Irby's fence to turn cattle of
ordinary disposition.  In the charge to
the jury the court gave the ordinary def-
inition of negligence, contributory negligence,
and proximate cause, and submitted special
issues, one of which required a finding as to
whether the plaintiff, Crow, was guilty of
negligence in putting his cattle in his field
adjoining that of the defendant Irby, which
issue was answered in the affirmative, but
the jury answered another issue to the effect
that such negligence was not the proximate
cause of the entry of the cattle into defend-
ant Irby's field.  The second issue submitted
was as follows:

"(2) Was defendant's west fence such a fence
as was reasonably sufficient to exclude from his
field cattle of ordinary disposition as to breaking
fence and which were not of a vicious or fence-
breaking nature?"  To which the jury answered:
"We do not agree."

The seventh issue submitted was as fol-
lows:

"(7) Was defendant Joe Irby guilty of contrib-
utory negligence as same has been defined, in ei-
ther failing to erect and maintain a sufficient
fence along the west line of his field, if he did,
or in permitting said fence to become dilapidat-
ed and the wire slack, if he did, or in the mat-
ter of setting said fence with small posts at the
distance they were apart, if he did, or in the
matter of not building said fence of sufficient
height to turn cattle of ordinary disposition, if
he did?"  To which the jury answered: "Yes."

The eighth issue was as follows:

"If you answer 'Yes' to the last question, then
say whether or not such contributory negligence,
if such there was on the part of the said defend-
ant, contributed to or caused said cattle to
breach said fence as a proximate result thereof?"
To which the jury answered: "Yes."

The jury also found that plaintiff was dam-
aged $144 on account of loss of milk from
cows held by defendants, and made partial
findings as to the value of the defendant
Irby's crop destroyed by said cattle.  Upon
this verdict the court entered judgment for
the plaintiff for the recovery of said cattle
and the sum of $44 damages, and that the
defendant Irby take nothing by his cross-
action against the plaintiff.

[1] Appellant insists that no judgment
could be entered on the verdict of the jury
because of its failure to agree on an answer
to the second issue above quoted, which pre-
sented a material issue as to appellant Irby's
right to recover on his counterclaim, while
appellee contends that the answer of the jury
to the seventh and eighth issues virtually
disposes of this issue against appellant, so
that an answer to the second issue becomes
immaterial.  We take it that the jury, in an-
swering that the plaintiff was guilty of neg-
ligence in putting his cattle in the field ad-
joining defendant Irby's, probably found that
said cattle were known to the plaintiff to be
breachy.  There is no contention that appel-
lant Irby's fence was a statutory lawful

fence, but the evidence, as we have said, is sufficient to warrant the submission of the second issue to the jury. The law as to appellant Irby's rights under such circumstances is well settled by decisions of the Supreme Court in the case of Clarendon Land & Investment Co. v. McClelland, 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105, and Id., 89 Tex. 483, 34 S. W. 98, 35 S. W. 474, 31 L. R. A. 669, 59 Am. St. Rep. 70, and is thus stated by Judge Brown in the report of the decision in 89 Tex. 483, 34 S. W. p. 99, 31 L. R. A. 669, 59 Am. St. Rep. 70:

"(1) That the common-law rule, which required every man to restrain his cattle either by tethering or by inclosure, is not in force in this state, and that every owner of land in this state who desires to exclude therefrom cattle running at large, or in an adjoining pasture, situated at these pastures were, must throw around his own land an inclosure sufficient to exclude all animals, of the class intended to be excluded, of ordinary disposition as to breaking fences or inclosures. (2) It is the right of every owner of domestic animals which are not known to him to be vicious, mischievous, or diseased to allow them to run at large, or to occupy his own inclosed lands when adjoining those of another. (3) If the owners of land have around it a fence sufficient to turn cattle of all sizes and kinds, of ordinary disposition as to breaking fences, and the inclosure is entered by cattle which are known to the owners to be vicious, in the sense that they have the habit of breaking into inclosures when the same class of cattle would not ordinarily do so, the owner of such cattle would be liable for such damages thereby occasioned as would ordinarily result from such trespass."

[2] It will be noted that in this statement of the law no mention is made of negligence. However, a reading of the reports of the case disclose that the act of the owner of breachy cattle known to him to be so in allowing them to run at large, as also the failure of the owner of land to surround it with a fence sufficient to exclude the class of stock of the ordinary disposition which it is desired to exclude, is characterized as negligence. The application of the term may not be strictly proper, for those decisions and a consideration of the principles upon which the conclusion announced is reached show that the question of negligence does not become one of fact, as in the ordinary case of nonstatutory negligence, but follows as a matter of law a finding of the existence of certain facts without a further finding as a matter of fact that they constitute negligence. The following authorities, as well as the announcement of the law in the case of Clarendon Land Investment Co., Ltd., v. McClelland, supra, support this conclusion. Congress & Empire Spring Co. v. Edgar, 99 U. S. 645, 25 L. Ed. 488; Cooley on Torts (3d Ed.) vol. 2, p. 696; Thompson on Negligence, vol. 1, p. 780, § 845. The law as stated by the Supreme Court, grows out of a modification to suit the conditions of the settlement of this country of the common-law rule announced by Shearman & Redfield on the Law of Negligence, § 27, and quoted by judge Brown in the opinion in the case of Clarendon Land & Investment

Co., Ltd., v. McClelland, reported in 89 Tex. 483, 35 S. W. 475, 31 L. R. A. 669, 59 Am. St. Rep. 70, as follows:

"The owner of large animals (such as horses, oxen, sheep, etc.) is under an unqualified obligation at common law to restrain them from trespassing upon lands of other persons; and he is therefore unconditionally liable as a trespasser himself for any trespass committed by his animate property. The law conclusively presumes negligence against him, without regard to the facts of the particular case. Whatever damage his animal does while trespassing is an aggravation of the trespass, for which he is also liable."

And the law, as announced in the McClelland Case, supra, is the result of a modification of this rule and the application of the principle that the owner of an animal, known to him to be vicious, is liable for injury inflicted by him if he does not restrain him. Upon the establishment of such facts the law, as in the case of the trespassing animal at common law, conclusively presumes negligence, and it does not become an issue of fact. Also if the defendant's fence was not sufficient to prevent the entry of stock of ordinary disposition, he could not recover because there would be a conclusive presumption of negligence against him. So in this case, if the jury had returned an affirmative answer to the second issue, the defendant would have been entitled to damages, assuming that the finding of negligence on the part of appellee in turning his cattle into his own field is based on the fact that said cattle were breachy, and this fact was known to appellee. A finding on the issue was therefore material. We cannot say that the finding of contributory negligence against the defendant, in answer to the seventh issue is equivalent to a finding that defendant's fence was not sufficient to turn cattle of ordinary disposition. The jury evidently did not understand the issues to be identical, otherwise they could not have answered one and failed to agree on an answer to the other. The court must not have so understood it either, or he would not have submitted both issues. If plaintiff knew his cattle were breachy when he turned them into his own field, he would be liable to the defendant Irby for damages on account of their breaking into Irby's field if the said defendant's fence around his field was sufficient to turn cattle of ordinary disposition—this qualification as to the sufficiency of the fence was stated only in connection with the last clause of the seventh issue and in connection with the height of the fence. So, that even if it were proper to submit the question of negligence in such case as one of fact, the issue is not literally correctly stated. We are of the opinion that since the jury could not agree on its answer to a material issue as to defendant's counterclaim for damages no judgment could be properly entered on the verdict and the case must be reversed for this reason. Garlitz v. Runnels County Nat. Bank, 152

S. W. 1151; Bargna v. Bargna, 127 S. W. 1157.

We suggest that upon another trial it would be well in the submission of these issues to eliminate entirely any issue requiring a finding of negligence and submit only the issues of fact upon which the liability would depend, as stated in the above quotation from the case of Clarendon Land & Investment Co. v. McClelland.

The charge refused, made the basis of the first assignment of error, is a correct statement of the law, but if the case is submitted on special issues requiring a finding of fact as to such matters, it would not be necessary to give such charge.

The other assignments present questions which are not likely to arise upon another trial, and need not be discussed.

Reversed and remanded.

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes