CARVEL v. KUSEL.　(No. 6078.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 16, 1918.)

1. APPEAL AND ERROR ☞501(2)—REVIEW—ASSIGNMENT—RECORD—SUFFICIENCY.
　　An assignment assailing the sustaining of demurrer to an answer and cross-action should not be considered, where the record contains no indication that the demurrer was acted on, except a bill of exceptions objecting to the overruling of a general demurrer.

2. ANIMALS ☞48—RUNNING AT LARGE.
　　There is no general law prohibiting stock running at large.

3. APPEAL AND ERROR ☞664(4)—RECORD—CONFLICT BETWEEN STATEMENT OF FACTS AND BILL OF EXCEPTIONS.
　　The statement of facts showing that a witness' testimony was rejected will prevail over a bill of exceptions objecting that witness was incompetent and that his testimony was admitted.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. TRIAL ☞260(1)—REFUSAL OF CHARGE ALREADY GIVEN.

It is not error to reject a requested charge, where the matter has already been submitted by other charges.

5. HIGHWAYS ☞177 — USE — SPEED—NEGLIGENCE.

It is negligence per se to run an automobile upon a highway at a greater rate of speed than that permitted by statute, and renders the driver liable for damages resulting therefrom.

Appeal from Jim Wells County Court; L. Broeter, Judge.

Action by Charles Kusel against J. A. Carvel. Judgment for plaintiff, and defendant appeals. Affirmed.

W. R. Perkins, of Alice, for appellant. Stroud & Gayle, of Beeville, for appellee.

FLY, C. J. This is an appeal from a judgment of the county court for $125 in a case wherein appellee alleged and proved that appellant had killed his horse by running an automobile into and against him while he was passing across a public road, running in front of appellee's residence, on his way to graze on the commons. The automobile was moving at the rate of over 35 miles an hour when it struck the horse, and it was on a public road in the country. The evidence indicated that the horse was killed through the negligence of appellant in driving his automobile at an illegal rate of speed.

[1, 2] Appellant filed what he styled "Defendant's Original Answer and Cross-Action," in which, in addition to alleging care to avoid striking the horse, he alleged contributory negligence upon the part of appellee in permitting his horse to run at large on the public highway, and appellant sought to recover damages for injury to his automobile from coming in contact with the horse. It is claimed that an exception was sustained to the cross-action, but there is nothing in the record indicating that the court acted on the demurrer, except a clause in a bill of exceptions which contains objections to evidence, to the refusal to give charges, to overruling a general demurrer, to giving certain charges, to answers given to issues submitted, and certain findings which it was claimed were not sustained by the evidence. The assignment assailing the action of the court should not be considered; but, if properly presented, it should be overruled, because there is no allegation to the effect that a stock law was in effect where the horse was injured. In the absence of such allegation, it was not negligence for appellee to allow his horse to run out on the commons. There is no general law in Texas prohibiting owners from permitting cattle and horses to run at large. Phillips v. Crow (Tex. Civ. App.) 199 S. W. 851, and authorities therein cited.

[3] The second assignment of error assails the action of the court in not instructing a verdict for appellant, because Charles Kusel and Willie Kusel testified as to the market value of the horse without qualifying as experts. It is not claimed in the assignment that the evidence of the witnesses was objected to on that ground. The statement of facts shows that the testimony of Charles Kusel as to market value was rejected upon the objection of appellant,·and the statement of facts would prevail over the bill of exceptions if there be a conflict. It is not made to appear from the statement that Charles Kusel did testify as to market value. Willie Kusel showed himself qualified to testify as to the market value of the horse.

The evidence did not justify the submission of contributory negligence in allowing the horse to run at large, and a charge embodying such defense was properly refused. The third assignment is overruled.

[4] If the charge, whose refusal is complained of in the fourth assignment of error, had been properly framed, it should have been rejected, because, so far as appropriate, the matter had been submitted to the jury.

[5] It is negligence per se to run an automobile at a greater rate of speed than that permitted by statute, and, if damages result from such violation of law, the violator will be liable for such damages. The court did not err in so informing the jury.

The fifth and sixth assignments of error are overruled.

The judgment is affirmed.