The appellant company, a corporation, organized and doing business under the laws of Oklahoma, sued C. U. Daniels and S. A. Springer in the district court of Wichita county, to recover a balance of $2,014.79, alleged to be due on a note executed by Daniels and Springer as individuals and as a partnership.
The substance of the allegations is that on December 14, 1921, the defendants executed and delivered to said company their promissory note in the principal sum of $3,400, payable at Tulsa, Okla., on February 12, 1922, with 8 per cent. interest from date until paid, and 10 per cent. attorney's fees. The petition admits credits which reduce the amount of the note to $2,014.79, which is claimed to be the sum due on May 12, 1924. It is alleged that Daniels resided in Wichita Falls, Tex., and that Springer is a nonresident of the state.
Daniels answered by general demurrer, and a general denial, and specially alleged that on the 1st day of January, 1922, Wm. O. Coleman purchased the supply business theretofore conducted under the name of Daniels Springer, and took over all of the assets of said partnership, assuming all liabilities thereof; that plaintiff was duly notified of such change and of the amount of said firm's assets and was informed that Coleman had assumed the payment of all of said firm's indebtedness including the amount due plaintiff; that thereafter Coleman became involved in financial difficulties and called a meeting of all of his creditors to consider a *Page 633 
plan for liquidating his debts, at which meeting Coleman offered to pay his creditors 50 cents on the dollar, in consideration of a complete release of all their debts against him; that this offer was accepted by all of Coleman's creditors, who, acting together, entered into a composition, whereby the said Coleman was to be released on the basis of payment of one-half of his indebtedness to each of his creditors; that plaintiff was one of said creditors and accepted said offer and entered into said composition and gave the said Coleman a complete and full release of all indebtedness owing by him, or by the American Supply Company, that being the name under which he conducted the business which he had purchased from Daniels Springer; that the indebtedness sued upon was fully released and discharged, not only by the acceptance of the amount due plaintiff company under the composition agreement, and not only by virtue of the fact that plaintiff had fully released and acknowledged payment of all indebtedness due it, but, further, in virtue of the fact that this defendant Daniels, as retiring partner from the firm, if liable at all, was liable only as a surety who became financially released upon the release of the principal debtor and extinguishment of the debt; that to permit plaintiff to recover in this action would be a fraud upon all the other creditors who entered into the composition agreement with Coleman and a fraud on this defendant; that plaintiff consented to accept payment on a 50 per cent. basis, and did accept the same and thereby induced other creditors to accept on the same basis, without divulging the fact that it expected to get the balance of its indebtedness out of this defendant; that plaintiff is thereby estopped from asserting any rights or claims against the defendants because said indebtedness has been fully discharged; and he pleads accord and satisfaction, and that the payment by Coleman of 50 cents on the dollar of said indebtedness constitutes a complete satisfaction and extinguishment of the claim sued upon.
By first supplemental petition, plaintiff demurred generally to the answer and urged 14 special exceptions to it.
The case was tried to the court without a jury and resulted in a judgment against the appellant. From this judgment, an appeal was prosecuted to this court, where the judgment was affirmed. On writ of error to the Supreme Court, the judgment was reversed, and the case is before us for hearing upon the merits.
The first two propositions raised the issue of the sufficiency of the answer as against a general demurrer, and the sufficiency of the evidence to sustain the facts pleaded in the answer.
By the third proposition it is insisted that the trial court erred in overruling the plaintiff's special exception No. 1 to the defendants' original answer, because the same was not sworn to as required by law. The original answer was filed May 26, 1924. The amendment was filed December 15, 1924, and the supplemental petition was filed January 10, 1925. We presume, therefore, that the exception, the overruling of which is complained of, was urged against defendants' amended original answer, instead of against the original answer. Be this as it may, the proposition cannot be considered, because the record contains no order disposing of the special exceptions, and the point is presented here only by a bill of exceptions.
It is uniformly held that the action of the court in passing upon exceptions to pleadings will not be considered when the error, if any, is not shown by the record, but appears only in a bill of exceptions. Dobson v. Zimmerman, 55 Tex. Civ. App. 394, 118 S.W. 236; Ilseng v. Carter (Tex.Civ.App.) 158 S.W. 1163; First National Bank v. Herrell (Tex.Civ.App.) 190 S.W. 797; Carvel v. Kusel (Tex.Civ.App.) 205 S.W. 941.
Although there are several other bills of exception in the record, taken to the court's action in overruling other special exceptions, there are no propositions in the brief relating to such matters. However, appellant challenges the court's action in argument under other propositions, but these cannot, for the reasons stated, be considered.
Appellee urges numerous objections to appellant's brief to the effect that several propositions are multifarious and not germane to the assignments, all of which we think should be sustained, but there remains enough propositions to present the material issues urged on the appeal, and these will be considered.
We think the amended original answer is good as against a general demurrer.
The second proposition, in effect, challenges the sufficiency of the evidence to support the judgment.
The substance of the court's findings bearing upon the propositions to be considered may be briefly stated as follows: That the debt sued on was contracted by the firm of Daniels Springer; that subsequently Daniels sold his interest in the partnership business to Coleman, under which the business was continued for a while, and, finally, Springer withdrew from the firm, leaving Coleman the sole owner and proprietor, the name of the business being then changed to the American Supply Company; that at the time Daniels withdrew from the firm, Coleman Springer assumed all of the obligations and indebtedness of the original firm, including the note herein sued on, and the plaintiff was duly notified of these facts; that plaintiff then advised Daniels that it would continue to look to him and Springer for the payment of said note, but would first try to collect it from the original firm; that about September 8, 1922, Coleman, then the sole *Page 634 
proprietor of the American Supply Company, became financially involved, and called a meeting of all his creditors. He offered to pay them 50 cents on the dollar for all indebtedness due them respectively, and all creditors, including the plaintiff, accepted this offer, and entered into a composition agreement, and plaintiff placed its entire claim, amounting to $2,900, into said composition settlement, and agreed to receive and did receive one-half of said amount, and executed to Coleman, or the American Supply Company, a release, acknowledging full settlement of all of the indebtedness owed by the said Coleman, or the American Supply Company; that Daniels was also a creditor and accepted under the composition agreement, and received 50 per cent. of the indebtedness due him from Coleman, and the American Supply Company, and executed a release in full of his debt; that there is no evidence that any creditors knew of any intention on the part of plaintiff to hold the defendant Daniels liable for the balance of the indebtedness claimed by plaintiff in the composition settlement; that plaintiff, by going into the composition agreement and accepting its share, in effect represented, and did represent to all of the other creditors, that it was settling on the same basis as all other creditors; that at least a portion of the creditors were influenced by the appearance of equality assumed by the plaintiff; that there is no evidence of any agreement on the part of defendant Daniels, under the composition settlement, to pay the balance of the note sued on.
The court concluded, as a matter of law, that the note was discharged in full and that to hold Daniels liable for the balance due on the note would constitute a fraud on all of the other creditors, including the defendant Daniels.
Springer did not answer, and the cause of action was dismissed as to him.
We think the evidence is sufficient to sustain the court's findings, conclusions, and judgment.
Daniels did not plead want of, or failure of, consideration, and it was not necessary for him to verify his pleadings. His defense is that there was a composition entered into by Coleman with his creditors. He further specifically denies that he agreed to pay appellant any balance that remained after the application of the 50 per cent. payment to be made by Coleman, and then alleges that any such agreement, if made, was fraudulent and void in law.
The evidence does not show any such agreement and E. E. Savage, secretary treasurer of appellant, and the only witness who testified for appellant at the trial, did not so testify. He admitted that his company received a full statement of the proceedings of the meeting of Coleman's creditors from the committee appointed by the creditors, in which statement he was notified that Coleman's proposition to settle with his creditors for 50 cents on the dollar had been accepted by all of the creditors present, and in this letter of notification his company was requested to advise the committee of creditors whether it would accept. He replied to that communication in due time by letter, which is, in part, as follows:
"We were unable to be represented at this creditors' meeting; therefore whatever was decided upon will, no doubt, be handled accordingly, and we shall accept our pro rata of the proceeds of the business. Our claim is approximately $2,900. No doubt, you have the correct figures. Any correspondence relative to this matter will be given prompt attention, and we hope to hear from you further at an early date."
The statement that appellant expected to receive its pro rata of the proceeds of the business is, we think, an acceptance under the composition agreement, and the intention to accept is confirmed by the fact that the amount of appellant's claim was taken into consideration at the creditors' meeting, with the consent of appellant. This witness also further admitted that his company had received and cashed a check in its favor, drawn upon the First National Bank of Pauls Valley, by the committee of creditors. The check introduced in evidence bears this notation upon the top:
"Acceptance of this check together with payment of notes at maturity, delivered contemporaneously herewith, shall constitute full settlement for all indebtedness owing by Wm. O. Coleman, or the American Supply Company."
Appellant has never offered to refund any part of the amount received from the committee of creditors under the composition agreement. Accepting and retaining the check under these circumstances, and in view of the notation made thereon, prevents appellant from recovering from any one the balance claimed to be due upon the note. Willis v. City National Bank of Galveston (Tex.Civ.App.) 280 S.W. 270; Early-Foster Co. v. W. F. Klump Co. (Tex.Civ.App.) 229 S.W. 1015, 1018.
"In the absence of a statute or special agreement, a composition with one joint debtor which contains or operates as a release, or contemplates that a release shall be given, discharges all those who are jointly liable with him." 12 C.J. 271.
"The policy of the law demands of those who enter into a composition that they shall exercise the utmost good faith toward each other, and, in the absence of an express stipulation to the contrary, there is in every composition an implied agreement that the creditors who enter into it shall share alike, or on the terms and in the exact proportions stated in the composition itself, and that no one *Page 635 
shall receive more than the others, without the assent of the others or more than the latter have expressly assented to. The bane of the transaction lies in the giving of the preference without the knowledge or consent of the other creditors, and when that exists, whatever may be its form, it renders the agreement for preference illegal and void." 12 C.J. 287.
The record discloses that all of the creditors, including Daniels, have accepted under the composition with Coleman, and even if it were shown that Daniels had secretly agreed with appellant to pay the balance, he is not precluded by the agreement from pleading it as a defense in this action. Gourley v. Tyler (Tex. App.) 15 S.W. 731; Willis v. Morris,63 Tex. 458, 51 Am.Rep. 665; Petrolia Supply Co. v. Walker et al. (Tex.Civ.App.) 261 S.W. 498.
In view of this holding, it becomes an immaterial inquiry whether Daniels was liable as a principal or a surety upon the note after Coleman had purchased the firm's business and assumed payment of it. So that question will not be discussed.
We find no reversible error, and the judgment is affirmed.