## MARSHALL & E. T. RY. CO. v. PETTY.

(Court of Civil Appeals of Texas. Feb. 2, 1911. Rehearing Denied Feb. 23, 1911.)

1. RAILROADS (§ 326*)—CONSTRUCTION—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

That a railway company fails to perform its statutory duty to maintain an overhead crossing over a highway does not prevent the defense of contributory negligence of a traveler, injured while attempting to use the highway.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 326.*]

2. TRIAL (§ 194*)—INSTRUCTIONS—PRESUMPTIONS—WEIGHT OF EVIDENCE.

Where, in an action for injuries to a traveler coming in contact with a railroad trestle over the highway, the evidence showed that sand had been washed down to the road, so that the space between the road and the timbers of the trestle was about six feet, and that plaintiff was injured while attempting to ride under it on horseback in the daytime, a charge that plaintiff could assume that the railroad company had performed its duty of maintaining the crossing in repair for the ordinary safety of the traveling public was erroneous as on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 194.*]

Appeal from District Court, Harrison County; W. C. Buford, Judge.

Action by J. M. Petty against the Marshall & East Texas Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Near Harleton a public county road goes under a trestle in appellant's railway track. The trestle was constructed in the first instance by appellant over the dirt road. A ravine also runs under the bridge. The dirt road proceeds to the southwest from the bridge up a long slope of a hill. Sand and dirt had so washed in under the trestle that there remained a clearance of only about six feet from the ground to the timbers of the trestle supporting the railroad track, and this condition had existed for some time. The evidence shows that a man could not ride erect on horseback in the road under the trestle without striking the bridge timbers. Appellee passed along the road on horseback, and as he approached the trestle he looked at it in a general way; and, seeing horse and wagon tracks under the bridge, he proceeded to ride under it, and was injured by striking his head on the trestle and by being pressed down against the saddle on the horse. Appellee, who was an old man, testified that he had not been over the road for a long time, and that his eyesight was not good. Appellee predicated negligence in failing to make and maintain a proper crossing for the use of the public. Appellant pleaded contributory negligence. The jury returned a verdict for appellee.

F. H. Prendergast, for appellant. Beard & Davidson, for appellee.

LEVY, J. (after stating the facts as above). The following special charge was given at the request of appellee: "You are instructed that a railroad has the right to construct its road across any highway; but it is the duty of such company to restore such highway to its former state, or to such state as not to necessarily impair its usefulness, and to keep such crossing in repair. And in this connection you are instructed that the plaintiff, as a traveler along the public road, had a right to assume that the defendant

company had performed its duty of maintaining said crossing and keeping same in repair for the ordinary safety of the traveling public." Appellant by proper assignment of error challenges this instruction as to the second portion. Assuming that appellant was under statutory duty to make and maintain a proper crossing in suit, the defense of contributory negligence of appellee was nevertheless allowable. Burnett v. Light & Power Co., 102 Tex. 31, 112 S. W. 1040, 19 L. R. A. (N. S.) 504. And in this connection it was conclusively proved that sand from the hill washed down to and settled in the dirt road to the extent that from the dirt road to the first timbers of the trestle there remained a clearance space of only about six feet; and further that the trestle was so low to the road in that condition that a person on horseback could not go under it at all. Appellee proved these facts by several witnesses on his direct examination of them. It was further in evidence that it was daylight, and appellee was riding slowly. Such condition of the crossing existing and being open and obvious, and assuming that it should not be said as a matter of law that there was contributory negligence, clearly there was presented a sufficiency of circumstances to have the jury say, under proper instructions, whether under all the circumstances of the case appellee knew, or by reasonable care could have known, that it was unsafe or dangerous to go under the trestle on horseback. The court did charge to that effect. If appellee were confronted with a situation and condition as shown by the evidence by which by proper care for his safety he could have known that the trestle was too low to ride under, he could not then assume or take for granted that appellant had done its duty towards properly maintaining it as a crossing. And by giving the special charge complained of there was reversible error. The effect of the instruction was to inform the jury that it was the appellant's right to build its track across the public road; but its duty was to keep the crossing in repair, and that appellee could assume or take for granted in this particular instance that it had not been derelict in such duty. It could have impressed the jury with the understanding that the railway company was liable to appellee if the crossing was not properly kept up, and the injury was caused thereby, notwithstanding the want of reasonable care on appellee's part for his own safety. Under such circumstances, the law makes no presumption. The issue was whether appellee knew, or by proper care could have seen, the condition of the crossing and its safety, and this was one of fact and not of law. The error in giving the paragraph of the instruction complained of is that it was a charge on the weight of evidence. It was but the application to the particular facts of the case of a general rule of evidence.

It is elementary that presumptions are classed and treated as a part of the law of evidence. 1 Greenleaf (16th Ed.) c. 6; 2 Blackstone, § 371; 4 Wigmore on Ev. § 2490 et seq.; 9 Ency. of Ev. 877; 16 Cyc. 1050. The rule is laid down in the case of Pasture Co. v. Preston & Smith, 65 Tex. 448, that, when sufficiency of circumstances to establish a fact is an issue, an instruction which tells the jury what might be presumed is on the weight of evidence, and an unwarranted invasion of the province of the jury. There the court instructed that a deed over 30 years old, which comes from the proper custody, and which is free from suspicion, and which has been acted on by the parties claiming under it, is presumed, as against defense of forgery, to be genuine. In Reynolds v. Weinman, 33 S. W. 302, it was ruled that to charge that a sale is presumed to be a lawful sale was in that case a charge on the weight of evidence. In Moberly v. Railway Co., 98 Mo. 183, 11 S. W. 569, it was ruled error to charge that the law presumed plaintiff to have used care. There, as here, was evidence from which plaintiff's negligence could be found. In the case of Stooksberry v. Swan, 85 Tex. 563, 22 S. W. 963, the court charged that acts which purport to have been done by public officers in their official capacity and within the scope of their duty will be presumed to have been regular and in accordance with their authority. It was ruled as error as being a charge on the weight of evidence. As said further in the case of Heldt v. Webster, 60 Tex. 207: "Any charge as to a presumption arising from a given state of facts, unless in those cases in which the law raises a conclusive presumption, in the nature of things is a charge on the weight of evidence, and, although other parts of the charge given may have been correct, such an error will require a reversal of the judgment."

Appellant makes the further point by assignment that appellee, under the evidence, should be held guilty of negligence as a matter of law. We are not satisfied with the state of evidence in the record on this question, and have doubts about the proper ruling, and have concluded, as the case must be reversed, to not rule on it.

The judgment was ordered reversed, and the cause remanded for another trial.