## EIZENMAN v. JAYNES.
### No. 3499.

Court of Civil Appeals of Texas. Amarillo.
Dec. 3, 1930.

Willis, Studer & Studer, of Pampa, for appellant.

W. M. Lewright, of Pampa, for appellee.

RANDOLPH, J.

The appellee has filed no brief in reply to appellant's brief on this appeal.

This suit was filed in the district court of Gray county, Tex., by appellee as plaintiff against appellant as defendant to recover damages for a collision of the plaintiff's car with defendant's truck and for injuries to the plaintiff's son who was driving plaintiff's car at the time of the collision. The case was tried before a jury, and, upon issues submitted to and answered by the jury, the court rendered a judgment in favor of the plaintiff. From this judgment, this appeal has been taken.

Plaintiff's amended petition alleges, in substance, that the plaintiff's son Paul was driving plaintiff's automobile on the highway after dark, and that one Carl Baer approached plaintiff's car from the opposite direction, and that said Baer flashed the lights of his car into the face of the driver of plaintiff's car, thereby preventing him from having the vision he ordinarily would have, and, just as the two moving cars started to pass each other, the car driven by plaintiff's son crashed into the rear end of a truck belonging to defendant, Paul Eizenman, which truck had been left parked on the right-hand side of the highway, and plaintiff alleged that defendant was negligent in parking said truck in not having a tail-light or warning signal thereon, and that the result of the wreck was that plaintiff's automobile was damaged and had to be repaired, and that he lost the services of his minor son, which were worth the sum of $11 per day.

The grounds of negligence alleged were (1) leaving the truck on the right-hand side of the

road in the way defendant did, and (2) leaving the truck on the highway without a tail-light or warning signal burning thereon.

Defendant's answer pleaded contributory negligence on the part of plaintiff in attempting to pass on the left-hand side of the vehicle belonging to defendant when the highway was not clear and unobstructed for a distance of fifty yards ahead and failing to bring his automobile to a stop to ascertain whether the right of way was clear and failing to slow down his rate of speed and in maintaining the rate of speed that his son, the driver, did, in not having his car in proper control and in not keeping a proper lookout. Defendant also sought damages to his truck in the sum of $100.

The jury in answer to special issues found: That defendant left his truck parked on the traveled portions of the highway; that such action on the part of defendant was negligence; that such negligence was a proximate cause of the accident; that defendant left the truck so parked on the highway without the tail-light or signal burning thereon; that the leaving of said truck so parked without light or signal thereon was negligence and was a proximate cause of the accident; that the cash market value of plaintiff's car immediately prior to the accident was $560; that a reasonable cash market value of plaintiff's car immediately after the accident was $143; that plaintiff's minor son Paul Jaynes was incapacitated from work on account of the accident; that the reasonable value of the services of plaintiff's minor son during the time he was incapacitated was $165; that Paul Jaynes maintained a proper lookout for objects on the road ahead of him; that just before the time of the accident, or at the time thereof, Paul Jaynes was driving plaintiff's car at the rate of forty miles per hour; that he was not negligent in driving at said rate of speed; that any negligence in driving at said rate of speed was not a proximate cause of the accident; that Paul Jaynes was not negligent in failing to stop his car to see objects on the road when the lights of the on-coming car were blinding him; that any failure of Paul Jaynes to stop his car to see objects on the road when the lights were blinding him was not a proximate cause of the accident.

Other special issues and the answers thereto are immaterial to this discussion.

On the findings of the jury the court rendered judgment in favor of Art Jaynes for $582 and interest, and against the defendant on his cross-action for damages.

At the time of the accident in September, 1928, article 789 of the Penal Code of Texas limited the speed of a motor vehicle to thirty-five miles per hour on a highway and provided a penalty for the violation thereof of a fine of from $5 to $200. The appellant assigns the violation of this statute by Paul Jaynes as negligence per se; he also contended that the plaintiff was not entitled to a recovery by reason of such violation. Paul Jaynes, the son of the plaintiff and the driver of the car, testified that at the time of the accident he was driving at a speed rate of from forty to forty-five miles an hour; that at the time the lights of the on-coming car blinded his eyes he started slowing down, and that at the time of the impact with the truck he was traveling probably about thirty-eight to thirty-nine miles an hour. The article above cited was amended at the Second Called Session of 1929, chapter 42 (Vernon's Ann. P. C. art. 827a), which changed the speed limit to forty-five miles per hour.

The weight of the evidence shows that the defendant's truck was standing at night over a portion of the traveled highway with no headlights or tail-light to give warning of its location on such highway. The appellant contends that, notwithstanding this negligence on the part of defendant, plaintiff's violation of the speed limit precludes a recovery by him.

The element of "willfulness" does not enter into the excessive speed; the question is: Was the rate at which Paul Jaynes was driving in excess of the rate of speed prescribed by the statute? Goodwin v. State, 63 Tex. Cr. R. 140, 138 S. W. 399, 400. Consequently, it devolved on the trial court to ascertain the rate of speed at which Paul Jaynes was driving, and, second, did the change of the rate of speed by the Legislature from thirty-five miles per hour to forty-five miles per hour release the plaintiff of the charge of negligence per se by reason of the violation of a statute in force in 1928 at the time of the accident?

The facts are uncontroverted that at the time of the accident the plaintiff's son was driving the car at a rate of speed in excess of thirty-five miles per hour, and that he never slowed down in approaching the other on-coming car and only slowed down to thirty-eight or thirty-nine miles an hour when he saw the truck in the way.

■ This being the status of the case, the writer is of the opinion that the amended act providing for a speed limit of forty-five miles was the act under which the case should have been determined on the question of negligence per se as to the speed limit, but the majority of the court are not of my opinion. However, this is immaterial, as whether he was guilty of negligence per se in exceeding the thirty-five miles statute, and whether or not his conduct entitled the defendant to rely on the defense of the speed being negligence per se, becomes immaterial for the reason that he was running at a rate of speed of over forty miles per hour and was guilty of actual negligence under our holding below in failing to slow down on the approach of the on-coming car, which last question we will now proceed to discuss.

The appellant further contends that under article 790, the rate of speed at which the plaintiff's son was driving and the fact that he failed to slow down on meeting the oncoming car was negligence per se, which defeated the plaintiff's right of recovery.

Article 790, Penal Code, provides: "No person operating or driving a motor or other vehicle upon the public highways shall pass any motor or other vehicle, person or thing on any public highway of this State at such rate of speed as to endanger the life or limb of any person or the safety of any property. Any person violating any provision of this article shall be fined not less than five dollars nor more than two hundred dollars."

Chief Justice Fly of the San Antonio Court, in the case of Moss v. Koetter, 249 S. W. 259, 262, in passing upon the several regulatory provisions with reference to driving on public highways, etc., says: "It is contended that there is no law requiring a full stop on River avenue when a street car has been stopped to receive or discharge passengers or to give warning of approach, and no law requiring appellant to have his automobile, when approaching a street car stopped for such purposes, under control. It is provided in article 820 K, Vernon's Sayles' 1922 Supp. Civ. and Crim. Stats., that the driver or operator of any vehicle in or upon any public highway in this state shall drive or operate such vehicle in a careful manner with due regard for the safety and convenience of pedestrians and all other vehicles or traffic upon such highway, and wherever practicable shall travel upon the right-hand side of such highway. In subdivision L of the same article it is provided that when passing a street car stopped for the purpose of receiving or discharging passengers, the operator of an automobile shall bring his vehicle to a full stop until the passengers have been received and discharged. In subdivision M it is provided that where a curvature of the road prevents a clear view for a distance ahead of 100 yards, the driver shall hold his motor vehicle under control and shall give a warning by his gong or other adequate signaling device. The provisions of this law evidently cover this case; but, if they do not, a just regard for the rights of others and a due sense of the sacredness of human life would dictate the use of such means to conserve the safety of men and women. Undoubtedly, under the testimony of the conductor of the street car and others, appellant was violating the speed laws of Texas when the victim was struck, and was keeping no outlook for others on the street where he was running his motor vehicle. Exceeding the statutory rate of speed was negligence per se, and if it was a proximate cause, as we think it was, of the death of Mrs. Koetter, damages were properly assessed. Carvel v. Kusel (Tex. Civ. App.) 205 S. W. 941; Flores v. Garcia (Tex. Civ. App.) 226 S. W. 743. A man driving an automobile at the rate of 30 miles an hour and not looking in front of him could undoubtedly be said not to have control of his vehicle."

Under the language of article 790 a violation of same is negligence per se when the facts established show a violation of the article, but whether or not the evidence does establish such violation is a jury question. This being true, the jury's finding that the plaintiff was not negligent would be binding upon us if they had evidence to base it on. Does the evidence give the jury any basis upon which to make such finding? In the Moss Case, supra, Judge Fly, in passing on the question of the plaintiff's negligence, quotes with approval Kathmeyer v. Mehl (N. J. Sup.) 60 A. 40: "We see nothing negligent in the plaintiff's action. Certainly he had no reason to suppose that, merely because he was standing in the roadway, he would be run down by the recklessness of the driver of an automobile. He was lawfully there, and any person using the highway was bound to take notice of him, and to use care not to injure him, and the plaintiff had a right to assume that this would be done."

Applying this to the case at bar, we find that the plaintiff was not asserting a legal right, but, according to the testimony of the driver, was violating the law in failing to slow down on meeting an on-coming car, the lights of which later blinded him. This is clear from the testimony of Paul Jaynes.

It being clear to us that the evidence furnishes no legal ground for the jury to consider the conduct of the plaintiff as being free from negligence in not slowing down in time to avoid the accident, the question that remains for our consideration in this connection is, Was the failure to slow down by plaintiff's driver a proximate cause of the accident?

The application of the law to the determination of this question presents an entirely different problem from that of two wrongdoers injuring an innocent third party. In this case it appears to us that the question here is, Can the plaintiff, who has been guilty of contributory negligence, take advantage of the negligence of the defendant, notwithstanding his own concurring negligence, or, further, will the negligence of the defendant, notwithstanding the contributory negligence of the plaintiff, entitle the plaintiff to recover? We think not.

Whether an act be negligence per se, causing any violation of a statutory duty, the cause violative of some duty under general principles of law, the same rules must be applied in determining the question of proximate cause. M., K. & T. Ry. Co. v. Dobbins (Tex. Civ. App.) 40 S. W. 861, affirmed in 91

Tex. 60, 41 S. W. 62, 38 L. R. A. 573, 66 Am. St. Rep. 856.

■ Where no care is taken and no excuse is offered, except a reliance on the other party, no recovery will be allowed because the other party was negligent in failing to perform a statutory duty. I. & G. N. Ry. Co. v. Edwards, 100 Tex. 22, 93 S. W. 106.

■ That a valid ordinance may impose a duty, the violation of which proximately contributing to an injury to him, precludes the plaintiff from a recovery, I. & G. N. Ry. Co. v. Cocke, 64 Tex. 151, and it is not the mere fact that when injured he was violating the law, but the fact that the violation led to his injury, that defeats him. Denison, etc., Ry. v. Carter, 98 Tex. 196, 82 S. W. 782, 107 Am. St. Rep. 626.

■ Under the circumstances of this case, as shown by the evidence, the rate of speed at which the driver of the plaintiff's car was driving and his failure to slow down on approaching the on-coming car has not been excused by the evidence; hence, it devolved upon the court to have submitted to the jury the defendant's requested special instructions No. 6, which instructed them to find whether or not, under all the facts and circumstances of the case, at the time and place of the collision in question, the plaintiff's driver drove his car at such rate of speed as to endanger his life or the safety of his car, and No. 7, that, if issue No. 6 was answered in the affirmative, then to answer whether or not such failure was a proximate cause of the accident.

The evidence clearly shows that the collision between the plaintiff's car and defendant's truck was not an unavoidable accident. Hence, we overrule defendant's contention to that effect.

We have considered all propositions and assignments, and, except as indicated, find no reversible error. For the error indicated, we reverse the judgment of the trial court and remand the case for a new trial.