## RABE et al. v. LEE et al.

No. 12285.

Court of Civil Appeals of Texas. San Antonio.

May 9, 1951.

Rehearing Denied June 6, 1951.

J. F. Carl, W. G. Perkin, E. G. Henrichson, Edinburg, for appellants.

Rankin, Kilgore & Cherry, Edinburg, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Mrs. Mary E. Lee, joined by her husband and infant daughter, against Clara Jo Rabe and her husband, seeking to recover for personal and property damages alleged to have been sustained when an automobile driven by Mrs. Rabe collided with an automobile driven by Mrs. Lee.

The trial was to a jury and upon answers to special issues submitted judgment was rendered in favor of the Lees and against the Rabes, from which judgment Clara Jo Rabe and husband, J. H. Rabe, have prosecuted this appeal.

Appellants first contend the trial court erred in not submitting the issue of unavoidable accident. This collision occurred just north of the City of Edinburg on Highway 281 in Hidalgo County. Mrs. Lee was driving north on Highway 281, while Mrs. Rabe was proceeding south along said highway, and she testified that she was on her right-hand side of the highway, or the west side of same, at the time of the collision. There was evidence tending to show that the collision occurred on the east or wrong side of the highway viewed from the standpoint of Mrs. Rabe. Appellants base their contention that unavoidable accident was in the case upon this statement: "The jury could have read-

ily believed from the evidence that the two cars, at about dusk, were engaged in passing other cars; that neither driver was negligent in attempting to pass, not having observed that the other car was attempting to pass; and the question presented to this court is one of a two lane highway with two cars approaching from either direction, filling the highway on both sides, and with this hypothesis in view the jury could have very well found the accident unavoidable." We overrule this contention. Under the circumstances described by appellants, either one or both of the drivers of the two cars would be guilty of negligence. Under the evidence offered by appellee, the collision occurred on the east half of the highway when the car driven by Mrs. Rabe suddenly left the west half of the highway and ran into the car being driven by Mrs. Lee on her own proper side of the highway and at a moderate rate of speed. Mrs. Rabe testified that the collision occurred on her right side of the road, that is on the west side. All of the evidence tended to show one or the other driver guilty of negligence. There was no evidence that the act of a third person or something other than the negligence of the drivers of the two cars caused the collision. Under such circumstances the question of unavoidable accident is not in the case. Texas & P. Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332; Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407; Scroggs v. Morgan, Tex.Civ.App., 107 S.W.2d 911; Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W.2d 944, 97 A.L.R. 1513; Red Arrow Freight Lines, Inc., v. Smith, Tex.Civ.App., 93 S.W. 2d 495.

 Appellants next contend that the court erred in not submitting their requested issues relating to discovered peril. The evidence does not show that Mrs. Lee ever discovered the perilous position of Mrs. Rabe, or that Mrs. Rabe could not extricate herself from her perilous position, or that Mrs. Lee could have, by the use of the means at her command, without danger to herself and the other occupants of her car, have avoided the collision. Under such circumstances discovered peril is not in the case and the trial court properly refused to submit the requested issues relating thereto. Surkey v. Smith, Tex.Civ.App., 136 S.W.2d 893; Panhandle & S. F. Ry. Co. v. Napier, 135 Tex. 314, 143 S.W.2d 754; Gersdorf-Sloan Ambulance Service v. Kenty, Tex. Civ.App., 75 S.W.2d 903.

Appellants next contend that the jury was guilty of misconduct in answering special issue No. 61, "none" and thereby finding that appellants had suffered no damage, when the evidence showed conclusively that they had suffered damages. We overrule this contention. By the time the jury had reached this issue it had so answered other issues as to preclude any recovery by appellants, and their answer to this issue was thereby rendered immaterial. Neither does such answer indicate prejudice against appellants. This exact question was resolved against appellants' contention in an opinion of this Court by Justice Norvell in Tumlinson v. San Antonio Brewing Ass'n, 170 S.W.2d 620.

The judgment is affirmed.