Arthur MILBURN et ux., Appellants,

v.

Sam E. BLUM et ux., Appellees.

No. 3300.

Court of Civil Appeals of Texas.

Eastland.

May 10, 1957.

Rehearing Denied June 7, 1957.

Hazel Lyons Franz, James L. M. Miller, San Antonio, for appellant.

GRISSOM, Chief Justice.

Arthur Milburn and wife sued Velma Blum and husband for damages caused by a collision between an automobile driven by Mrs. Blum and an automobile driven by Mr. Milburn. Judgment was rendered for defendants and plaintiffs have appealed.

A jury refused to find from a preponderance of the evidence that immediately before the collision Mrs. Blum (1) failed to keep a lookout; (3) failed to have her automobile under control; (5) was driving faster than a person of ordinary prudence would have driven, or that (7) the Milburns were in a position of peril which (8) Mrs. Blum discovered, or should have discovered, (9) in time to avoid the collision.

The jury did find that (12) Mr. Milburn, in turning his automobile to the left into the intersection of San Pedro and Dora streets, was guilty of negligence which (13) was a proximate cause of the collision; that (14) Milburn failed to give a signal of his intention to turn for at least 100 feet before turning to the left into said intersection and that

(14–A) such failure was a proximate cause of the collision; that (15) immediately before the collision Milburn failed to keep a lookout and that (15–A) such failure was a proximate cause of the collision; that (16) Milburn failed to have his automobile under control and that (16–A) such failure was a proximate cause of the collision; that (21) when Milburn turned to the left Mrs. Blum's automobile was already in the intersection, or so close as to constitute an immediate hazard, and that (22) such action by Milburn was a proximate cause of the accident; that (23) Mrs. Blum was acting in an emergency; that (24), after the emergency arose, Mrs. Blum did what an ordinary prudent person would have done and that (25) the collision was an unavoidable accident. The jury answered issue 26, as to the amount of money that would compensate Milburn for medical, hospital and ambulance bills, and issues 27 and 28, inquiring what amount of the money would compensate Milburn and wife for their injuries, "none".

The Milburns' first and second points are that the answers to issues 1, 3, 5, and 23 and issues 7, 12, 14, 15, 16, 21, 25, 26, 27, and 28 are so contrary to the overwhelming preponderance of the "credible" evidence as to be clearly wrong and show that they were the result of passion and prejudice.

 It is undisputed that San Pedro is a four-lane street running north and south in San Antonio; that just before the accident there had been a rain and the streets were wet; that Mrs. Blum was driving north on San Pedro, traveling on the inside lane next to the center line, and that Mr. Milburn was driving south on said street on his inside lane and that when Milburn turned east at the intersection of Dora street with San Pedro, intending to drive into Dora street, his automobile was struck near the center by Mrs. Blum's car. The evidence pertinent to said first two points, viewed in the light most favorable to appellee and to said findings, as we must view it, is to the effect that Mr. Milburn turned suddenly to his left on San Pedro at its intersection with Dora street and drove into said intersection directly in the path of Mrs. Blum's car without giving a signal of his intention to so turn; that when Mr. Milburn turned left in Mrs. Blum's path she was about 15 feet away; that she applied her brakes and attempted to turn to the left but skidded on the wet pavement into Milburn's car, damaging it and injuring Mr. Milburn and his wife. Conceding, without deciding, that there was evidence to sustain findings that Mrs. Blum was negligent and that her negligence was a proximate cause of the collision and that Mr. Milburn was not negligent, the foregoing terse statement of the evidence favorable to the defendants is sufficient to show there was evidence of probative force sufficient to sustain the jury's findings to the contrary. Therefore, the answers to the issues complained of in points one and two are not so contrary to the overwhelming preponderance of the evidence as to be clearly wrong and show that they were the result of prejudice. Points one and two are overruled.

Appellants' third point is that the court erred in submitting issues 12, 14, 21, 23 and 25 over objections that there was no evidence raising said issues; that an affirmative answer would be against the overwhelming preponderance of the evidence; that there was an attempt to submit a statutory violation which was not applicable and that, although the testimony was conflicting as to the cause of the collision, there was no evidence that the accident was unavoidable. Appellants' fourth point is that the court erred in submitting three issues relative to Milburn's turning, "thus placing undue importance on plaintiff's turning and being a comment on the weight of the testimony." Said issues simply inquire whether (12) Milburn was negligent in turning left into the intersection under the circumstances; (14) Milburn gave a signal of his intention to turn left and (21) whether when Milburn turned left Mrs. Blum was already in the intersection.

Issue 23 inquired whether Mrs. Blum was acting in an emergency and 25 inquired whether the collision was the result of an unavoidable accident. All of said issues were raised by the evidence except unavoidable accident. Assuming that unavoidable accident should not have been submitted, its submission did not constitute reversible error. We think there was no reversible error in submitting the issues relative to Milburn's negligence and that they were not subject to the objections made.

Appellants' fifth point is that the findings were so clearly "excessive" that they "indicate" the jury was influenced by improper motives. Under this point it is contended that because the jury answered questions 26 and 27, as to the amount of damages suffered by the Milburns, "none", when it was undisputed that they were injured, and found that Mrs. Blum was not guilty of negligence and that she acted in an emergency and that Mr. Milburn was guilty of negligence which was a proximate cause of the injuries, it is thus established that the verdict was the result of improper motives. In Southern Pine Lumber Company v. Andrade, 132 Tex. 372, 124 S.W.2d 334, 335, our Supreme Court, in an action for injuries sustained in an automobile collision, held that the jury's findings, supported by substantial evidence, that plaintiff was contributorily negligent required judgment for the defendant, notwithstanding its findings that plaintiff suffered no damages was contrary to the undisputed evidence, and that the court could not assume that prejudice or improper influence was responsible for the findings convicting plaintiff of contributory negligence, when there was substantial evidence to support such finding and there was no evidence of prejudice or improper influence. See also Teston v. Root, Tex.Civ.App., 95 S.W.2d 524 (Writ Ref.); Lyons v. Cope, Tex.Civ. App., 217 S.W.2d 116, 119; Smith v. Morgan, Tex.Civ.App., 235 S.W.2d 938, 940 (Writ Dis.) and Tumlinson v. San Antonio Brewing Ass'n, Tex.Civ.App., 170 S.W.2d 620 (Ref. Want Merit). Said decisions constitute a complete answer to appellants' contention. In Guerrero v. Wright, Tex. Civ.App., 225 S.W.2d 609, 613 (R.N.R.E.) it was expressly held that the issue of plaintiff's contributory negligence was properly submitted to the jury because the defendant testified that deceased turned suddenly in front of his truck. The same situation exists here.

We conclude that reversible error is not shown. The judgment is affirmed.