**BOCK CONSTRUCTION COMPANY, Appellant,**

v.

**DALLAS POWER & LIGHT COMPANY et al., Appellees.**

No. 16897.

Court of Civil Appeals of Texas.

Dallas.

March 31, 1967.

Rehearing Denied May 12, 1967.

Esir Tobolowsky, Dallas, for appellant.

Charles M. Solomon, Marion B. Solomon, W. Autry Norton, Dallas, for appellees.

DIXON, Chief Justice.

Appellant Bock Construction Company, hereinafter called Bock, sued appellees Dallas Power & Light Company and Austin Building Company, hereinafter called D. P. & L. and Austin, respectively, for damage caused by the seepage of water into the basement of a church which Bock had under construction.

In September 1965 Bock contracted with Episcopal Church of the Good Shepherd in Dallas, Texas to build a new sanctuary. Bock's contract did not include the installation of light and power facilities. The church entered into a separate contract with D. P. & L. to install said facilities. D. P. & L. entered into a contract with Austin to dig a trench leading to the church in which electric power lines were to be laid. This trench was approximately 200 feet long, 18 to 20 inches wide and varied in depth from about 3 feet to about 7 feet.

At intervals from September 17, 1965 through September 22, 1965 rains fell, the heaviest precipitation occurring on September 21, 1965 when 4.32 inches fell. The trench which had been left open and uncovered filled with water following the heavy rain of September 21, 1965. Water to a depth of about 12 to 16 inches accumulated in the basement, causing damage to electrical equipment.

In its original petition appellant alleges that water seeped from the trench into the basement of the church. Recovery is sought in the original petition on the ground of common law negligence on the part of appellees in leaving the trench open and uncovered, which negligence proximately caused the damage.

On the day the case went to trial appellant filed a trial amendment in which it enlarges its ground of recovery to include an allegation that appellees had violated Art. 7589a, Vernon's Ann.Civ.St.,[1] by diverting the natural flow of the surface waters into the trench and thence into the church basement, causing the damage set out in appellant's original petition.

The parties entered into this stipulation: "The amount of the entire damage to the Plaintiff is $527.96." It will be observed that the stipulation does not say whether the damage was caused by water which seeped through subsoil into the basement from the trench dug by appellees, or by water which entered the basement from other sources.

1. Article 7589a, V.A.C.S. is, in part, as follows:
"It shall hereafter be unlawful for any person, firm or private corporation to divert the natural flow of the surface waters in this State or to permit a diversion thereof caused by him to continue after the passage of this Act or to impound such waters, or to permit the impounding thereof caused by him to continue after the passage of this Act in such manner as to damage the property of another, by the overflow of such water so diverted or impounded, and that in all such cases the injured party shall have remedies, both at law and in equity, including damages occasioned thereby, * * * "

It is undisputed that by digging the trench appellee Austin did divert the natural flow of some of the surface water so that water was impounded in the trench.

Other material facts are also undisputed. Three open areaways, or airways, measuring 10'x5', 9'9"x2' and 4'3"x2' were located at ground level beside the basement walls. The larger of these areaways, sometimes referred to as a mechanical well, was also used to carry equipment and other articles into and out of the basement. These open areaways drained by a 2-inch pipe into a sump in the middle of the basement floor. This sump or hole was 4 feet in diameter and 6 feet deep below the basement floor. Its purpose was to catch and hold water so that it would not reach the floor or walls of the basement. Pumps were available in order to empty the sump when the water in it reached a certain level.

There was an underground perforated pipe, called a French drain, around the outside of the basement walls at the floor level of the basement. The purpose of this French drain was to conduct seepage water into the sump above mentioned.

There was also a drain sleeve about 2 feet below the surface of the ground level which drained into a "pisano" sump a few feet away.

The original excavation by appellant for the construction of the church extended 7 to 10 feet around and beyond the basement walls. This area of the excavation had been refilled with dirt prior to the time Austin dug the trench in controversy.

A jury returned a verdict that (1) surface water which had collected in the ditch did flow, by way of subsoil drains, into the church basement; (2) such water was the proximate cause of the damage to the equipment involved; (3) the jury answered "No" to an issue inquiring whether it found from a preponderance of the evidence that Austin was negligent in leaving open the subject trench on September 18th and 19th; (4) conditional issue on proximate cause

was not answered; (5) the jury answered "None" to an issue inquiring what amount of money, if any, it found would reasonably compensate plaintiff (appellant) for loss, if any, suffered as a proximate result of the flow of water from said ditch into the church basement (this issue was conditioned on an affirmative answer to Special Issue No. 2); (6) failure of plaintiff to cover the areaways involved was negligence, and (7) was a proximate cause of damage to the equipment involved; (8) failure of plaintiff to plug the pipe in the east wall of the basement was negligence and (9) was proximate cause; (10) failure of plaintiff to have sump pumps adequate to prevent the flooding of the basement was negligence and (11) was proximate cause.

The court rendered judgment based on the jury verdict that Bock take nothing by its suit.

Appellant Bock has briefed sixteen points on appeal and appellees have briefed twenty-two counterpoints. But in our opinion the jury's answers to Special Issues Nos. 6 to 11 inclusive are decisive of the case. Their effect is to convict Bock of contributory negligence proximately causing the damage in question and for that reason recovery by Bock is precluded either on grounds of appellees' common law negligence or of their negligence per se because of violation of the statute, Art. 7589a, V.A.C.S.

Our Supreme Court has said, "It is almost universally held that the violation of a statutory duty is negligence per se." Burnett v. Fort Worth Light & Power Co., 102 Tex. 31, 112 S.W. 1040, 19 L.R.A.,N.S., 504 (Tex.Comm'n App., 1908, opinion adopted). And the Court held that contributory negligence is a defense which precludes a plaintiff's recovery though the defendant may have been guilty of negligence per se by violating a statutory duty. This holding by our Supreme Court has often been followed in later cases. Rittenberry v. Robert E. McKee, Gen. Contractor, Inc., 337 S.W.2d 197, 202 (Tex.Civ.App., Dallas,

1960, writ ref. n. r. e.); Eizenman v. Jaynes, 33 S.W.2d 254 (Tex.Civ.App., Amarillo, 1930, no writ); Alexander v. Missouri K. & T. Ry. Co. of Texas, 287 S.W. 153, 155 (Tex.Civ.App., Waco, 1926, writ dismissed); Kansas City, M. & O. Ry. Co. of Texas v. McCunningham, 149 S.W. 420, 425 (Tex.Civ.App., Fort Worth, 1912, writ ref.); Marshall & E. T. Ry. Co. v. Petty, 134 S.W. 406 (Tex.Civ.App., 1911, no writ).

It has sometimes been said that when a violation of a statutory duty has been proved it is not necessary to prove negligence. And this is true in the sense that negligence is ordinarily considered to be inherent in a violation of a statutory duty—negligence per se—, hence it is not necessary to offer further evidence that the statutory violation was negligence, and it is not necessary to submit an issue inquiring whether the violation was negligence. It is necessary, however, to submit an issue as to proximate cause.

Appellant contends that one who violates the statute is strictly liable for the consequences—that is, that all the plaintiff has to do is show the violation by defendant of the statute, and that negligence on the part of defendant or contributory negligence on the part of plaintiff is immaterial. In support of this view appellant cites us to the opinion in Blocher v. McArthur, 303 S.W. 2d 529 (Tex.Civ.App., Austin, 1957, writ ref. n. r. e.), in which the court refused to accept the defense of contributory negligence, citing 1 Am.Jur. 509. The Blocher case was cited in Burbridge v. Rich Properties, Inc., 365 S.W.2d 657 (Tex.Civ.App., Houston, 1963, no writ).

The strict liability doctrine for which appellant contends stems from the celebrated old English case of Fletcher v. Rylands, L.R. 1 Exch. 265, affirmed by the House of Lords, L.R. 3 H.L. 330, which held a mine owner strictly liable for damages due to escaping water, though the plaintiff, the adjoining landowner, may have been guilty of contributory negligence. The doctrine of Fletcher v. Rylands has been repudiated

and rejected in Texas, Gulf, C. & S. F. Ry. Co. v. Oakes, 94 Tex. 155, 58 S.W. 999, 52 L.R.A. 293, 86 Am.St.Rep. 835 (1900); Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221 (1936); El Paso Elec. Co. v. Safeway Stores, Inc., 257 S.W.2d 502, 507 (Tex.Civ.App., El Paso, 1953, writ ref. n. r. e.); The Moran Corp. v. Murray, 381 S.W.2d 324, 326 (Tex.Civ.App., Texarkana, 1964, no writ); 1 Tex.Jur.2d 639. We are of the opinion that it should not govern our decision here.

■ In its points one to four inclusive and seven and eight appellant says that there is no evidence or there is insufficient evidence to support the jury's answer of "None" to the damage issue and that appellant was entitled to a new trial because of the failure to award damages to appellant. There is evidence in the record which tends to show that water from the trench seeped into the church basement in sufficient quantity to have caused the damage. But there is also evidence that rain water from the roof entered the three open areaways and into the basement and also that water entered through the French drain pipe into the basement in sufficient quantity to cause the damage. Further, there is evidence that the flooding of the basement was due to the inadequacy of the temporary pumps which were supposed to keep the water in the sump below the basement floor level. In our opinion there was sufficient evidence to support the jury's answer of "None" to the damage issue. Appellant's points one to four inclusive and seven and eight are overruled.

In its fifth and ninth points appellant says that the findings of the jury established a cause of action under Art. 7589a, V.A.C.S. which entitled it to judgment in the amount of $527.96. However, as we stated earlier in this opinion, the findings of the jury that appellant was guilty of contributory negligence which was a proximate cause of the damage precluded appellant from recovering judgment under either its common law negligence count or its statutory

violation count. Appellant's fifth and ninth points are overruled.

■ In its sixth point appellant contends that there is a conflict in the jury's answer to Special Issue No. 5 and its answers to Special Issues Nos. 1 and 2. But such conflict, if it exists, has become immaterial because the jury's findings of contributory negligence defeat plaintiff's right to recover regardless of the conflict. Southern Pine Lbr. Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (Tex.Com.App., 1939, opinion adopted); Dunn v. Sears, Roebuck & Co., 371 S.W.2d 731, 736 (Tex.Civ.App., Houston, 1963, ref. n. r. e.); Milburn v. Blum, 302 S.W.2d 671, 673 (Tex.Civ.App., Eastland, 1957, no writ); Rabe v. Lee, 239 S.W.2d 846 (Tex.Civ.App., San Antonio, 1951, no writ); McDonald, "Texas Civil Procedure", § 17.31, Note 40, p. 1410.

In its tenth to sixteenth points inclusive appellant complains of the court's action in overruling its objections to the form of Special Issue No. 5 and to the submission of Special Issues Nos. 6 to 11 inclusive, the contributory negligence issues. We have considered these points and overrule all of them except the thirteenth point.

■ In the last named point appellant objects to the form of submission of Special Issue No. 8 because it assumes that appellant failed to plug a pipe. Whether the pipe in question was plugged was a controverted fact question. However, the error was immaterial in the light of the jury's answer to other contributory negligence issues.

It was undisputed that the areaways were not covered and that the sump pumps were not adequate to keep the water from flooding the basement. The court was not required to submit issues as to facts which were not in dispute. Wright v. Vernon Compress Co., 156 Tex. 474, 296 S.W.2d 517 (1956).

It is our opinion that the jury's findings of contributory negligence preclude a recovery by appellant. The judgment of the trial court is therefore affirmed.

Affirmed.

## ON REHEARING

Appellant has filed a strong motion for rehearing which has received our most careful consideration.

Though the cases we cited in our original opinion do not deal directly with Art. 7589a, Vernon's Tex.Rev.Civ.Stat.Ann., they do deal with the principle of strict liability and the holding in the English case of Fletcher v. Rylands, which holding has been repudiated in the State of Texas. In deciding whether strict liability should be applied in cases coming within the statute we think the cases cited in our opinion must be given serious consideration. In so saying we are aware that our Supreme Court in Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221 (1936) stated that Art. 7589a was not pleaded and therefore was not applicable. But the Supreme Court did not say that its holding would have been different if the statute had been pleaded.

■ Be that as it may, our decision does not rest alone on our conclusion that the rule of strict liability ought not to apply in the application of Art. 7589a. Our decision rests also upon another ground which we fear was not made plain in our original opinion. In this case the jury held that the appellee-defendant was not negligent, but the appellant-plaintiff was negligent in three particulars, each of which was a proximate cause of its own damage. It is one thing to hold that an innocent property owner who is not in any way to blame for the damage he suffered may hold his neighbor to strict liability under the statute. It is quite another thing to hold that a property owner who is not himself innocent of blame for his own damages, but who is guilty of several acts of negligence each of which was a proximate cause of his own damages, may recover his said damages

from an adjoining property owner under the theory of strict liability though the adjoining property owner is entirely innocent of any negligence. This is in effect allowing a party to profit by his own negligence at the expense of a neighbor who is not negligent. We cannot bring ourselves to say that the negligent party is entitled to recover against the innocent party.

At the end of our opinion we said, "It is our opinion that the jury's findings of contributory negligence preclude a recovery by appellant." Our use of the term "contributory negligence" was not well advised. The jury did not find appellant guilty of contributory negligence. It simply found the appellant guilty of negligence.

We are aware of authorities holding that there can be no contributory negligence as such on the part of a plaintiff in the absence of primary negligence on the part of the defendant. 40 Tex.Jur. 2d 601. But there can be primary negligence on the part of a plaintiff which negligence was a proximate cause of plaintiff's own injuries regardless of the existence of primary negligence on the part of the defendant. And such primary negligence on the part of the plaintiff will be a bar to his recovery of damages. St. Louis, B. & M. Ry. Co. v. Moss, 203 S.W. 777 (Tex.Civ. App., San Antonio 1918, no writ); Ripley v. Dozier Construction Co., 45 S.W.2d 661 (Tex.Civ.App., Austin 1932, no writ). That is the situation we have here if we were to accept our appellant-plaintiff's contention that negligence on the part of appellee-defendant is not an element necessary to make out a cause of action under the statute. We repeat that the jury found appellant guilty of negligence, not contributory negligence. This finding itself becomes a finding of primary negligence on the part of appellant even if we rule out negligence as a factor in appellant's cause of action against appellee. And it leads us back to our conclusion that a property owner guilty of primary negligence proximately causing his own damages ought not even under Art. 7589a to be allowed to profit by his own negligence.

Appellant relies on Burbridge v. Rich Properties, Inc., 365 S.W.2d 657 (Tex.Civ. App., Houston 1963, no writ) and Blocher v. McArthur, 303 S.W.2d 529 (Tex.Civ. App., Austin 1957, writ ref'd n. r. e). In the Burbridge case it appears that plaintiff was not charged with negligence.

In the Blocher case it was held that appellant would have had a cause of action against appellee under Art. 7589a without the necessity of alleging negligence, and that in view of appellee's construction of a retaining wall appellant's negligence in the manner of the construction of their apartment was not a defense to their cause of action against appellee. We have the greatest respect for our brethren who were on the Austin court at that time but we do not believe that their holding in the Blocher case should control our holding here.

In its motion appellant seems to stress the wording of Special Issue No. 2, which inquired whether the water from the ditch which flowed into the basement by subsoil drains was *the* proximate cause of the damage to the equipment in question. The jury answered in the affirmative. Perhaps in preparing the charge the use of the word *the* in the issue was an inadvertence. In any event the court expressly instructed the jury that there might be more than one proximate cause. There was no instruction and no issue as to sole proximate cause. We do not regard the use of the word *the* in the issue as equivalent to the submission of sole proximate cause.

Appellant's motion for rehearing is overruled.